Artemus B. Lee & others *vs.* City of Lynn & others.

Essex.    November 19, 1915. — March 1, 1916.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Carroll, JJ.

*Constitutional Law.    Labor.    Civil Service.    Statute,* Construction.    *Words,*
"Public works."

The provisions of St. 1909, c. 514, § 21, as amended by St. 1914, c. 474, and St.
1914, c. 600, that "in the construction of public works by the Common-
wealth, or by a county, city or town" and "In all work of any branch of the
service of the Commonwealth, or of any city or town therein, citizens of the
Commonwealth shall be given preference," do not violate any right protected
by the Constitution of the United States or secured by any treaty with any for-
eign nation.    Following *Heim* v. *McCall,* 239 U. S. 175; *Crane* v. *New York,* 239
U. S. 195.
Nor are the provisions of the statutes mentioned above in conflict with the Con-
stitution of this Commonwealth.
The provisions contained in St. 1914, c. 600, §§ 2, 3, that "The civil service com-
mission shall not place upon its lists any person not a citizen of the United
States," and that "If an appointing officer, because of the non-existence of a
list of eligible appointees, appoints under provisional authority from the civil
service commission a person not a citizen of the United States, he shall discharge
the person so appointed and appoint from the eligible list whenever the civil
service commission establishes a list of the proper class," are constitutional and
valid.
Section 1 of St. 1914, c. 600, which provides that "In all work of any branch of the
service of the Commonwealth, or of any city or town therein, citizens of the Com-
monwealth shall be given preference," is in no way confined in its application, by
the subsequent sections of the statute referring to the civil service, to those cities
and towns where the classified civil service prevails under the civil service law.
*Whether* the statutes mentioned above require the discharge of faithful and efficient
aliens in service at the time of their enactment or *whether* they relate only to the
future, it was not necessary to determine in the present case.

Bill in equity, filed in the Superior Court on July 16, 1915,
under R. L. c. 25, § 100, by more than ten taxable inhabitants of the
city of Lynn, including persons alleged to be of Russian, British and
Italian citizenship, praying for an injunction restraining the defend-
ant city and its officers and agents from taking any action under St.
1909, c. 514, § 21, as amended by St. 1914, c. 474, § 1, and St. 1914,
c. 600, and from discharging mechanics and laborers on the ground
that they are not citizens of the Commonwealth and employing

citizens of the Commonwealth in preference to them in obedience to those statutes.

The defendants demurred to the bill, and the case was heard on the demurrer by *McLaughlin,* J., who ruled that the demurrer should be sustained and made an interlocutory decree to that effect, but, being of opinion that the order so affected the merits of the controversy that before further proceedings the matter ought to be determined by this court, reported the case for such determination. If the ruling was right, a decree was to be entered dismissing the bill, unless justice required that the plaintiffs should be permitted to amend their bill. If the ruling was wrong, the demurrer was to be overruled.

St. 1909, c. 514, § 21, as amended by St. 1914, c. 474, is as follows:

"In the employment of mechanics and laborers in the construction of public works by the Commonwealth, or by a county, city or town, or by persons contracting therewith, preference shall be given to citizens of the Commonwealth, and, if they cannot be obtained in sufficient numbers, then to citizens of the United States; and every contract for such works shall contain a provision to this effect. The wages for a day's work paid to mechanics employed in such construction of public works shall be not less than the customary and prevailing rate of wages for a day's work in the same trade or occupation in the locality, city or town where such public works are constructed. Any contractor who knowingly and wilfully violates the provisions of this section shall be punished by a fine of not more than one hundred dollars for each offence."

St. 1914, c. 600, is as follows:

"Section 1. In all work of any branch of the service of the Commonwealth, or of any city or town therein, citizens of the Commonwealth shall be given preference.

"Section 2. The civil service commission shall not place upon its lists any person not a citizen of the United States.

"Section 3. If an appointing officer, because of the non-existence of a list of eligible appointees, appoints under provisional authority from the civil service commission a person not a citizen of the United States, he shall discharge the person so appointed and appoint from the eligible list whenever the civil service commission establishes a list of the proper class.

"Section 4. Whenever the attention of the civil service commission shall be called by complaint on the part of any citizen of the Commonwealth to the employment of a non-citizen when there is a list of eligibles existing, the commission shall take steps to enforce the dismissal of such non-citizen and the appointment in his place from the suitable eligible list.

"Section 5. Whenever it shall appear that any appointing officer has had due notice of unlawful employment of a non-citizen and that the said appointing officer has continued such employment for ten days after such notice, he shall be subject to a fine of not less than ten nor more than one hundred dollars for each offence.

"Section 6. This act shall take effect upon its passage."

The case was submitted on briefs.

*J. E. Macy & J. F. Moloney,* for the plaintiffs.

*E. F. Wallace,* for the State Board of Labor and Industries.

RUGG, C. J. The constitutionality of St. 1909, c. 514, § 21, as amended by St. 1914, c. 474, and St. 1914, c. 600, are assailed in this suit as contravening the rights secured both by the Fourteenth Amendment to the Federal Constitution and by art. 12 of the Declaration of Rights.

In substance, these acts require that "in the employment of mechanics and laborers in the construction of public works by the Commonwealth, any county, city or town, or by persons contracting therewith, preference shall be given to citizens of the Commonwealth;" and that, "in all work of any branch of the service of the Commonwealth, or of any city or town," a like preference shall be given.

Since the argument of the case at bar, the federal questions involved have been decided adversely to the contentions of the plaintiff. *Heim* v. *McCall,* 239 U. S. 175. *Crane* v. *New York,* 239 U. S. 195, affirming *People* v. *Crane,* 214 N. Y. 154. *Elkan* v. *Maryland,* 239 U. S. 634. By these decisions statutes of other States, indistinguishable so far as concerns their constitutionality in any material particular from those here attacked, have been upheld as not violative of any right protected by the Federal Constitution or secured by treaty of the United States with Italy and by other treaties containing "the most favored nation clause." On the authority of these cases, it must be held without further discussion

that the instant statutes are not inconsistent with the Federal Constitution and treaties.

While the provisions of our Constitution are not in the same words as those of the United States Constitution upon this subject, the result must be reached that these statutes are not in conflict with the State Constitution. The decision upon this point is concluded in principle by *Woods* v. *Woburn*, 220 Mass. 416, following the reasoning and conclusion set forth in *Opinion of the Justices*, 208 Mass. 619, where the power of the Legislature was upheld to fix the number of hours which shall constitute a day's labor for employees of the Commonwealth and its governmental subdivisions, and by the reasoning of the decisions of the United States Supreme Court just cited. The cities and towns of the Commonwealth are divisions of government established in the public interests. The Legislature is supreme in the control of these governmental instrumentalities, subject to the provisions of the Constitution. In its representative capacity, within appropriate functions of legislation, the General Court stands in the position of employer. It may establish general rules for the employment of labor. Since it is a public agency directing the expenditure of money raised by taxation, it cannot make arbitrary discriminations and favor the employment of one class of citizens to the exclusion of others. But a preference of citizens over aliens in the public service is not favoritism among the subjects of the Commonwealth. Aliens are not members of the State in the strict sense. Statutory discriminations in favor of citizens and against aliens have been upheld. In *Commonwealth* v. *Hilton*, 174 Mass. 29, regulations restricting to inhabitants the right to take clams were sustained, and in *Commonwealth* v. *Hana*, 195 Mass. 262, a requirement that licenses to pedlers should be granted only to those who had declared an intention to become citizens was held to be valid. Where the State, either directly or through its governmental departments, acts as proprietor or employer, a determination not to engage aliens in its service cannot be pronounced unreasonable or violative of any constitutional mandate.

The distinction between laws passed by the Legislature regulating the conduct of the State and its departments and subdivisions as employer, which are within its right, and similar laws designed to control the conduct of the general public, is adverted to in *Truax* v. *Raich*, 239 U. S. 33. A law of the latter class there was

held to fall under the condemnation of the fundamental law. But the present statutes belong plainly to the former class.

It cannot be said that these statutes are void for indefiniteness or vagueness. Preference to citizens over aliens in employment in its ordinary sense means that, where other considerations are equal, the opportunity for employment shall go to the citizens.

The provisions of St. 1914, c. 600, §§ 2-4, in relation to the civil service, appear to be too plain to require general discussion.

"Public works," as used in St. 1914, c. 474, are not words so uncertain in significance as to affect the validity of the statute. Doubtless in the ordinary case there would be little difficulty in determining their meaning. Manifestly, in this connection water works are public works. See *Milford Water Co.* v. *Hopkinton,* 192 Mass. 491.

There is no force in the contention that St. 1914, c. 600, applies only to cities and towns where the classified civil service prevails under the civil service law. Section one of the act is not thus constricted by subsequent sections.

It is not necessary to determine whether the present statutes are so retroactive as to require the discharge of faithful and efficient aliens in service at the time of their enactment, or whether they relate only to the future, see *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1; for the plaintiffs on the allegations of the bill do not show themselves entitled to relief. *Steele* v. *Municipal Signal Co.* 160 Mass. 36. *Sylvester* v. *Webb,* 179 Mass. 236, 241.

*Bill dismissed without costs.*