WARREN GOODALE *vs.* COUNTY COMMISSIONERS OF WORCESTER.

Worcester.    October 27, 1931. — November 3, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Public Officer*, Retirement, Pension. *County Commissioners. Worcester County. Constitutional Law*, Equal protection of the law; Exclusive privilege. *Statute*, Construction.

In mandamus proceedings putting in issue the petitioner's title to the office of county commissioner of Worcester County, the petitioner was entitled to contend that he was being wrongfully deprived of his office by the operation of certain provisions of the retirement act applicable to counties, G. L. c. 32, §§ 20–25, as amended, and to raise the question of the constitutionality of such provisions, although he was a beneficiary under the act.

G. L. c. 32, § 22 (3), and St. 1926, c. 378, in extending the retirement system only to such elective officers as were in Worcester County, do not deprive the elective officers of other counties of the equal protection of the law contrary to the Fourteenth Amendment to the Constitution of the United States, nor do they give the elective officers of Worcester County exclusive privileges contrary to art. 6 of the Declaration of Rights.

A county commissioner of Worcester County who is a member of the
retirement system, G. L. c. 32, §§ 20–25, as amended, must retire upon
reaching the age of seventy years even though the term of office for
which he was elected has not expired at that time.

PETITION for a writ of mandamus, filed in the Supreme
Judicial Court for the county of Worcester on October 8,
1931, and afterwards amended, described in the opinion.

The respondents demurred. The case was reserved by
*Rugg*, C.J., for determination by the full court.

The case was submitted on briefs.

*E. G. Norman*, for the petitioner.

*R. B. Dodge*, for the respondents.

SANDERSON, J. A demurrer was filed to this petition for
writ of mandamus and the case was reserved upon the
petition as amended and demurrer thereto for the deter-
mination of the full court, all parties having waived any
right to file further pleadings.

The petitioner alleges that he was duly elected county
commissioner for the county of Worcester by successive
elections, the first occurring on the seventh day of No-
vember, 1905, and the last on the sixth day of November,
1928; that he and the respondents are the county com-
missioners of Worcester County; that the respondents
have refused to recognize him as a county commissioner,
to admit him to their meetings as such commissioner or
to permit him to do any act or take any part with them
as a county commissioner. He asks that a writ issue
commanding the respondents to recognize him as a county
commissioner and to permit him to enjoy all the rights
and privileges belonging to the office.

It appears from the allegations in the petition that a
retirement system for employees was duly organized in
Worcester County under the provisions of St. 1911, c. 634,
now G. L. c. 32, §§ 20–25, and a board of retirement duly
chosen in which the management of the retirement system
was vested; that on July 8, 1919, by virtue of the rights
conferred on elected officers of Worcester County by St.
1919, c. 158, the petitioner applied for and was admitted
to membership therein; that he has paid in full the required

contributions to the retirement fund since he became a member; that he was born September 8, 1861; and that on September 28, 1931, the board of retirement, intending to terminate the petitioner's term of office as county commissioner, against his will and without his consent or acquiescence, passed a vote, the material portion of which is "that Warren Goodale be retired as of September 7, 1931, on a full annuity basis as figured by the Division of Insurance."

The original act, St. 1911, c. 634, excluded from membership in the system officers elected by popular vote. St. 1919, c. 158, making officers of the county of Worcester elected by popular vote eligible to membership in the retirement association, notwithstanding the provisions of St. 1911, c. 634, § 3, expressly stated that all provisions of that chapter shall "except as is otherwise provided herein, apply to the said officers." In the reënactment in G. L. c. 32, § 22 (3), of the provision relating to elected officers of Worcester County, the statement that all the provisions of the retirement act "shall . . . apply to the said officers" was omitted. St. 1919, c. 158, was expressly repealed by G. L. c. 282. G. L. c. 32, § 22 (4), permits retirement by the board upon certain conditions of members of the retirement system and then provides "any member who reaches the age of seventy shall so retire."

The petitioner contends that St. 1919, c. 158, admitting elected public officers in Worcester County to membership in the retirement system; G. L. c. 32, § 22 (3), excepting elective officers of that county from those ineligible to membership in the county retirement system; and St. 1926, c. 378, in permitting public officers elected by the people in Worcester County only, to be classed as employees, are inconsistent with art. 14 of the Amendments to the Constitution of the United States, as a denial to the elective officers of other counties in the Commonwealth of the equal protection of the law. He also contends that the act, conferring upon elective officers of Worcester County only, the right to membership in a system which grants to its members upon retirement pensions gained in part from a public

fund, gives to such officers an exclusive privilege and is therefore inconsistent with art. 6 of the Declaration of Rights of the Constitution of the Commonwealth the provisions of which are in part, "No man, nor corporation, or association of men, have any other title to obtain advantages, or particular and exclusive privileges, distinct from those of the community, than what arises from the consideration of services rendered to the public."

In this proceeding, as the question of the petitioner's title to an elective office with duties to be performed if he is still a county commissioner is in issue, as well as the question whether he is being wrongfully deprived of the emoluments thereof, he may, though a beneficiary under the act assailed, raise the question of its constitutionality. *Bogni* v. *Perotti*, 224 Mass. 152, 158.

In *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 339, the court, in considering the Fourteenth Amendment, quoting from *Barbier* v. *Connolly*, 113 U. S. 27, 32, said: "'Class legislation, discriminating against some and favoring others, is prohibited, but legislation which, in carrying out a public purpose, is limited in its application, if within the sphere of its operation it affects alike all persons similarly situated, is not within the amendment'"; and in quoting from *Hayes* v. *Missouri*, 120 U. S. 68, said "the Fourteenth Amendment 'does not prohibit legislation which is limited either in the objects to which it is directed, or by the territory within which it is to operate. It merely requires that all persons subjected to such legislation shall be treated alike, under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed.'"

In *Mayor of Lynn* v. *Commissioner of Civil Service*, 269 Mass. 410, 415, the court in referring to G. L. c. 31, § 23, as amended by St. 1922, c. 463, a statute giving preference to veterans passing a civil service examination, said: "Although the pleadings raise the constitutionality of said § 23 with reference to the Fourteenth Amendment to the Federal Constitution, we do not understand that any argument has been addressed to us on this point. In any event,

it appears to have been decided adversely to the position of the petitioner in principle by *Heim* v. *McCall*, 239 U. S. 175, 191; *Lee* v. *Lynn*, 223 Mass. 109, 111, and cases there collected." "The distinction between laws passed by the Legislature regulating the conduct of the State and its departments and subdivisions as employer, which are within its right, and similar laws designed to control the conduct of the general public, is adverted to in *Truax* v. *Raich*, 239 U. S. 33. A law of the latter class there was held to fall under the condemnation of the fundamental law. But the present statutes [giving preference in the construction of public works by the Commonwealth or by any city or town to citizens of the Commonwealth] belong plainly to the former class." *Lee* v. *Lynn*, 223 Mass. 109, 112–113.

County commissioners are county officers (see *Opinion of the Justices*, 167 Mass. 599, 600) and the fund from which retirement payments are made in each county is derived from contributions of members of the system in that county and from county funds.

In *Boston* v. *Chelsea*, 212 Mass. 127, 129, the court said: "Counties in Massachusetts are territorial subdivisions of the State bounded and organized by the Legislature for political purposes and the administration of government. They may be changed at the will of the Legislature, and the character and extent of the sovereign powers to be exercised through them are subject to modification in like manner, according to legislative judgment of the requirement of the interests of the public. *Opinion of the Justices*, 6 Cush. 578. Manifestly the determination of the functions of counties and the distribution of governmental authority among them is purely legislative in its nature." See *Hill* v. *Boston*, 122 Mass. 344, 355.

In *Weymouth & Braintree Fire District* v. *County Commissioners*, 108 Mass. 142, the court said at page 144: "There can be no doubt that the power to create, change and destroy municipal corporations is in the legislature. This power has been so long and so frequently exercised upon counties, towns and school districts, in dividing them, altering their boundary lines, increasing and diminishing

their powers, and in abolishing some of them, that no authorities need be cited on this point. The Constitution does not establish these corporations, but vests in the legislature a general jurisdiction over the subject by its grant of power to make wholesome laws as it shall judge to be for the general· good and welfare of the Commonwealth. . . . the legislature may amend their charters, enlarge or diminish their powers, extend or limit their boundaries, consolidate two or more into one, and abolish them altogether, at its own discretion."

"The counties, towns and cities, into which the Commonwealth is divided, are strictly public corporations, established for the convenient administration of government; their municipal powers and duties are not created and regulated by contract, express or implied, but by acts passed by the Legislature from time to time, according to its judgment of what the interests of the public require; and they have not the same rights to judicial trial and determination, in regard to the obligations imposed upon them, as other corporations and individuals have." *Agawam* v. *Hampden,* 130 Mass. 528, 530.

It is well settled that cities established under art. 2 of the Amendments to the Constitution may have different kinds of government, different officers and different modes of electing them. *Graham* v. *Roberts,* 200 Mass. 152. See G. L. c. 43. In *Opinion of the Justices,* 138 Mass. 601, 603, this language was used: "The power of the Legislature to make or to authorize local laws for the administration of local affairs is beyond question. It has the right to make local laws to meet the peculiar exigencies of any part of the community." This right of the Legislature to provide different forms of government for different counties is also recognized in the special provisions relating to Suffolk and Nantucket counties. G. L. cc. 34, 35. See *Hibbard* v. *County of Suffolk,* 163 Mass. 34, 37; *Opinion of the Justices,* 167 Mass. 599, 600.

Apart from constitutional restriction the Legislature has the power to fix and change the salaries of county officers, to regulate, limit or enlarge their duties, to shorten their

terms of office, or to abolish the office itself as public exigency or policy may require. *Taft* v. *Adams,* 3 Gray, 126, 131. *Graham* v. *Roberts,* 200 Mass. 152, 156. No constitutional rights of an officer of one county are violated by legislation giving to officers of another county bearing the same title larger salaries. See St. 1927, c. 327, and St. 1930, c. 400, § 1.

The retirement acts are intimately related to services rendered to the public. When the pension is paid the services have ended, but when the employee joins the system and becomes subject to its obligations he knows that the services which he is to render the public and the contributions which he is to make are conditions precedent to his receiving the benefits of the system upon retirement. See *Brown* v. *Russell,* 166 Mass. 14, 23. The right to an exclusive privilege if based upon "consideration of services rendered to the public" is recognized in the sixth article of the Declaration of Rights.

We are of opinion that the question, whether the public welfare would be promoted by extending the retirement system to elective officers in Worcester County alone, was for the Legislature to decide; that elected officials of other counties have not been deprived of the equal protection of the law under the Fourteenth Amendment to the Constitution of the United States by the provisions of the retirement act relating to elected officers of Worcester County; and that these provisions do not give the elected officers of that county exclusive privileges within the meaning of those words in the sixth article of the Declaration of Rights. See *Hewitt* v. *Charier,* 16 Pick. 353, 355, 356; *Opinion of the Justices,* 175 Mass. 599, 602; *Attorney General* v. *Pelletier,* 240 Mass. 264, 298, 299.

The petitioner's further contention is that the act permitting elective officers to become members of the retirement system, if constitutional, should be so interpreted that the requirement for retirement at seventy years of age would not apply to them if the term of office otherwise fixed by statute would extend beyond that time. As applied to the petitioner who reached the age of seventy before the

end of four years from the beginning of his last term of office, an apparent inconsistency exists between the provisions of G. L. c. 34, § 4, fixing the term for which county commissioners are elected as four years, and the provisions of G. L. c. 32, § 22 (4), requiring the retirement of a member of the Worcester County retirement system when he reaches the age of seventy. Both provisions are contained in the revision of the statutes known as the General Laws. "There is every presumption that this body of statute law was intended to be consistent and harmonious. It must, if reasonably practicable, be interpreted in furtherance of that intention." *Decatur* v. *Auditor of Peabody*, 251 Mass. 82, 87. "The principle of interpretation is well established, that statutes alleged to be inconsistent with each other, in whole or in part, must be so construed as to give reasonable effect to both, unless there be some positive repugnancy between them." *Brooks* v. *Fitchburg & Leominster Street Railway*, 200 Mass. 8, 17. There is no real support for the petitioner's contention in the fact that when the provisions in question were incorporated in the General Laws the phrase in St. 1919, c. 158, "all the provisions of said chapter and of acts in amendment thereof shall, except as is otherwise provided herein, apply to the said officers," was omitted. This omission could not have been intended to mean that some provisions of the retirement system of which an elected officer had become a member should not be applicable to him. It is more probable that the words were omitted because they were considered superfluous, for without them the clear legislative intent would seem to be that an elective officer by becoming a member of the system subjected himself to all of its provisions including that of compulsory retirement when reaching the age of seventy. The purpose of the retirement system, as stated in the brief filed for the petitioner, is to provide for improved efficiency of employees. To be an effective retirement system all the provisions of the act including the provision concerning retirement should be observed by all members. It is possible to reach this result and harmonize the act with the provision of the other statute as to the term of

office of county commissioners so that both may stand together. The Legislature must have known, and the voters in casting their votes for elective officers in Worcester County and the petitioner in accepting his office as county commissioner may be presumed to have known, that the term of office prescribed by statute would be curtailed if the officer elected, being or becoming a member of the retirement system, reached the age of seventy before the term for which he would otherwise have held the office expired. This result would naturally follow from giving to elective officers in Worcester County the right to become members of the retirement system. This interpretation seems more reasonable and more consistent with the purpose sought to be accomplished than to hold that elective officers may become members of the system without being bound to comply with its provisions. The conclusion reached finds some support in St. 1920, c. 176, providing that any incumbent of a county office in the county of Worcester elected before the enactment of St. 1919, c. 158, may become a member of the county retirement association within a limited time and "shall, irrespective of age, be entitled to hold office for the remainder of his present term of office." The quoted words have some tendency to show that the Legislature considered that without them the member would cease to hold his office at seventy, even if the term for which he was elected extended beyond that time. The provision of G. L. c. 32, § 91, prohibiting a person while receiving a pension from receiving pay for any service rendered the Commonwealth or any county, city or town which pays such pension, "except . . . for service in a public office to which he has been elected by the direct vote of the people," has no tendency to support the petitioner's contention that he may continue to hold the office to which he was elected in 1928.

Upon the facts stated in the petition the petitioner ceased to be a county commissioner on September 7, 1931.

The entry must be

*Demurrer sustained.*
*Petition dismissed.*