WILLIAM J. COGAN *vs.* CAMBRIDGE RETIREMENT SYSTEM.

SAME *vs.* RETIREMENT BOARD OF THE CAMBRIDGE
RETIREMENT SYSTEM.

Middlesex.   May 11, 1936. — June 29, 1936.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Retirement. Municipal Corporations,* Officers and agents. *Cambridge.*

An employee of the city of Cambridge, having become a member of
its retirement system, established under St. 1931, c. 453, could not
withdraw from membership and recover his contributions to the
retirement fund and still continue as an employee.

CONTRACT.   Writ in the Third District Court of Eastern
Middlesex dated July 13, 1935.   Also a

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Middlesex on March 26, 1936.

In the District Court, the action was heard by *Stone, J.,*
an agreed statement of facts.   There was a finding for the
defendant.   A report to the Appellate Division for the
Northern District was ordered dismissed.   The plaintiff
appealed.

The suit was heard by *Lummus, J.,* on the pleadings and
an agreed statement of facts, and was reported to the
full court for determination.

*G. A. McLaughlin,* for the plaintiff.

*T. A. Lynch,* for the defendants, submitted a brief.

CROSBY, J.   These two cases are brought by the same
plaintiff to recover accumulated deductions from his salary,
made by the Cambridge Retirement System.

The first is an action of contract brought in the Third
District Court of Eastern Middlesex.   It was agreed by the
parties that the judge might find the following facts: "1.
That William J. Cogan is an employee of the school depart-
ment of the city of Cambridge, holding the office of attend-
ance officer.   2. That the Cambridge Retirement System,

entitled Chapter 453 of the Legislative Acts of 1931, became operative as of January 1, 1932. 3. That on January 1, 1932, the plaintiff received the prior service certificate, entitling him to a credit of fifteen years and seven months of service prior to January 1, 1932. 4. That the plaintiff became a member of the Cambridge Retirement System of the city of Cambridge on January 1, 1932. 5. That the plaintiff had contributed to the city of Cambridge system, through accumulated deductions, a sum which, with interest added thereto, on the date of the writ, was $359.69. 6. That prior to the bringing of this writ the plaintiff sent to the Cambridge Retirement Board a letter, a copy of which is hereto annexed and marked 'A,' informing them of his desire to withdraw from the Cambridge Retirement System and requesting the return of all deductions made from his salary together with interest. 7. That the Cambridge Retirement Board did send to the plaintiff two letters, copies of which are hereto annexed and marked 'B' and 'C.'" The trial judge found the facts as above stated, and ruled that the defendant had no right to allow the plaintiff to withdraw from the Cambridge Retirement System in the circumstances disclosed, and had no right to return to him the accumulated deductions requested by him. He found for the defendant, and stated "If it shall appear that . . . the plaintiff is entitled to retire from the Cambridge Retirement System and withdraw the accumulated deductions above referred to, judgment is to be entered for the plaintiff for the sum of $359.69 with interest from the date of the writ, otherwise judgment is to be entered for the defendant." At the request of the parties the judge reported the case to the Appellate Division under G. L. (Ter. Ed.) c. 231, § 108, which dismissed the report, and the plaintiff appealed.

Thereafter, on March 26, 1936, the plaintiff filed a bill in equity in the Supreme Judicial Court, wherein it is alleged that the proceedings are brought under the provisions of § 19 of St. 1931, c. 453, which is entitled "An Act providing retirement allowances based on annuity and pension contributions for employees of the city of Cambridge." The prayers of the bill in substance are that the members of the

retirement board of the Cambridge Retirement System be ordered to account to the plaintiff for all sums deducted from his compensation, with interest thereon, up to and including the date of his withdrawal from the retirement system. The case was heard by a single justice, who filed a report in which it is recited that the answer admits all the allegations of fact in the bill except paragraphs 7 and 11; that as to paragraph 7 it is agreed that the only manner in which the plaintiff withdrew from the retirement system was by the correspondence therein set forth; that as to paragraph 11 it is agreed that the plaintiff became seventy years old on November 1, 1935; that he has not been retired for superannuation under St. 1931, c. 453, § 6 (1), for the reason that the city solicitor at the request of the plaintiff has advised inaction until this controversy can be determined, but that if the plaintiff is not held to be entitled to withdraw from the retirement system the result will be that he will forthwith be retired for superannuation under the section cited. The report further recites: "These findings having settled all the questions of fact remaining open in this case, in view of the pleadings, and the parties having waived in open court any report of the evidence, (there having been no evidence except the agreements aforesaid), I now report the case and all questions of law therein for the consideration of the full court."

Section 4 of the act relates to membership. It provides, § 4 (1), that membership is compulsory (a) for all employees who become such after the passage of the act and after one year's service; and (b) for any employee who was in service before the passage of the act unless such employee files a written notice electing not to become a member. Section 4 (5) provides: "Should any member in any period of six consecutive years after last becoming a member be absent from service more than five years, or should any member withdraw his accumulated deductions or become a beneficiary hereunder or die, he shall thereupon cease to be a member." It is under provision (5) that the plaintiff claims the right to withdraw the deductions while he is still an employee of the city. It is specifically provided in § 10 (1) that "within

sixty days after the filing with the retirement board of a request therefor, any member who shall have ceased to be an employee by resignation or discharge or for any reason other than death or retirement shall be paid the amount of his accumulated deductions." Section 10 (2) provides for payment of accumulated deductions to the legal representative of an employee who dies while in service. Apart from § 10 of the act there is no specific provision for withdrawal of accumulated deductions, nor any specific provision for withdrawal from the system while an employee.

There is no dispute about the facts in either case. The issue presented is whether a member of the Cambridge Retirement System may at any time, and while still in the employ of the city, withdraw from the fund accumulated deductions from his salary. The act was accepted by the city and went into effect as of January 1, 1932. Its purpose, as stated in § 1, "is to improve the efficiency of the public service of the city of Cambridge . . . by the retirement of disabled or superannuated employees." By § 3 a "retirement system" is established, membership in which is regulated by the provisions of § 4. A system is established whereby a member on retiring under § 6 receives a retirement allowance derived in part from deductions from his salary, and in part from contributions made by the city. There is also provision for allowances to those members who retire under § 7 or § 8 because of disability. By § 6, a member who has become sixty years old shall be retired on his own application, or on the application of the head of his department, unless in the latter case the retirement board finds, after hearing, that the member is able to perform properly his duties. This section further provides that any member who has reached the age of seventy shall be retired for superannuation not less than thirty nor more than ninety days after attaining that age "or after this system becomes operative, if such age was attained prior thereto." It is plain that these provisions apply only to members. It seems clear from § 4 (1) (a) and (b), even without considering the declared purpose of the act, that as to new employees, membership, with its privileges and

liabilities, is mandatory after one year's service, and that employees already in the service of the city are subjected to the same requirement, except that they may elect within a period not exceeding sixty days not to become members. The plaintiff was in the employ of the city at the time the act went into effect, and did not file a notice of his election not to participate. In these circumstances the conclusion is inescapable, and is not denied by the plaintiff, that he did become a member of the retirement system. His contention is that he may withdraw from membership in the system without leaving the employ of the city, and recover the deductions made from his salary, and avoid the provision for compulsory retirement operative when he became seventy years of age. We are of opinion that this contention cannot be sustained. The general purpose of the act is not primarily to confer benefits on employees. Its purpose as declared in § 1 is "to improve the efficiency of the public service . . . by the retirement of disabled or superannuated employees." The intention that such retirement shall be mandatory at the age of seventy, regardless of the desire of the employee, is apparent from the provisions of the statute. If the plaintiff's construction of the act should be adopted, it would follow that no employee could be retired against his will, since he could retire from membership and retain his employment. Such a result would be contrary to the specific provisions of the act. It is manifest that membership under § 4 of the act is compulsory as to new employees after a year's service, and that the same is true of those already employed unless they elected within the specified time not to participate. The plaintiff is still in the employ of the city, and so far as appears does not intend to give up such employment.

As it is plain that the plaintiff is not entitled to maintain either the action at law or the suit in equity, the order of the Appellate Division dismissing the report must be affirmed, and the bill in equity pending in this court must be dismissed.

*So ordered.*