Thomas A. Cahir *vs.* Walter H. Reynolds *et al.*

MAY 11, 1961.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Powers, J. This is a petition for certiorari brought to review the action taken by the respondents as members of the retirement board of the city of Providence and to quash their decision involuntarily retiring the petitioner as a member of the board of canvassers and registration of said city prior to completion of the term to which he had been appointed. We issued the writ and pursuant thereto the respondents duly certified the pertinent records to this court.

It appears therefrom and from the averments contained in the petition that the petitioner was born on August 9, 1888 and became a member of the retirement system by permission of the board on March 17, 1934 shortly after he was first appointed to the board of canvassers and registration. He continued to serve until December 28, 1939 when he was removed from the board of canvassers and registration by the then mayor of the city of Providence.

It further appears that on March 3, 1941 petitioner was reappointed to the board of canvassers and registration and resumed his membership in the retirement system without interruption until December 13, 1960, when the respondents voted to retire him as of January 2, 1961. The petitioner became seventy years of age on August 9, 1958 and no action was taken to retire him at that time. Rather, he was reappointed to a six-year term by the mayor on February 5, 1959, which appointment was approved by the city council.

The act providing a retirement system for the employees of the city of Providence was first adopted by P. L. 1923, chap. 489. An employee was defined in sec. 1 (2) thereof as follows: " 'Employee' shall mean any regular and permanent employee or officer of the city of Providence, whose business time is devoted exclusively to the service of the city of Providence. The retirement board shall determine who are employees within the meaning of this act, but under no circumstances shall any member of the city council be considered as such employee." This section was later amended by P. L. 1951, chap. 2780, sec. 1, which omitted the reference to members of the city council and thus permitted them to join at their option.

Public laws 1923, chap. 489, sec. 7 (1) (a), provided: "all employees as defined in this act, who become employees on and after the first day of October, 1923, and who complete six months of service shall, under contract of their employment, become members of the retirement system, and shall receive no pension or retirement allowance from any other pension or retirement system supported wholly or in part by the city of Providence, nor shall they be required to make contributions under any other pension or retirement system of said city, anything to the contrary notwithstanding * * *." By P. L. 1951, chap. 2780, sec. 4, this section was amended to provide: "all employees as defined in this act * * * shall, *upon their option* in the case of elected officials and officials appointed for a fixed term, or under contract of their employment in the case of other such employees, become members of the retirement system * * *." (italics ours)

The pertinent language relative to the retirement of an employee in the original act, and to an employee or officer as subsequently amended, is provided in P. L. 1923, chap. 489, sec. 9 (1) (a), as follows: "Each member who has attained the age of seventy and each member who attains the age of seventy, shall be retired forthwith, or on the first

day of the calendar month next succeeding that in which the said member shall have attained the age of seventy years, unless he requests permission to continue in service, in which case the retirement board by affirmative vote may permit his continuation in service for a term of one year, at the end of which time he shall be retired as though he had then attained age seventy: *Provided, however,* that the retirement board may by affirmative vote at the end of any such period again permit his continuation in service for a period of one year." This provision has never been amended.

Such then were the pertinent provisions of the retirement act when on December 13, 1960 the respondents voted to retire petitioner, purporting to act pursuant to the provisions of said chap. 489 as amended.

The petitioner states the issue to be: " '* * * did the Retirement Board by virtue of the authority conferred by the Act establishing the Retirement System have the right to cut short the term of a member of the Board of Canvassers and Registration who had been permitted to join the System?' " In support of his position that the respondents were without authority to retire him and thus cut short the term for which he was appointed, petitioner advances several contentions.

Relying on *Gainer* v. *Dunn,* 29 R. I. 232, and *Nixon* v. *Malloy,* 52 R. I. 430, petitioner argues that he is a state officer and not an employee of the city of Providence subject to retirement at the age of seventy as provided in sec. 9 (1) (a) of the retirement act. Referring to the act creating a board of canvassers and registration, he stresses the fact that his office was created by the legislature for a fixed term in the fulfillment of which he exercises a portion of the state's sovereignty. We are in complete accord with the doctrines enunciated in the *Gainer* and *Nixon* cases, *supra,* to such extent as they are in point in the issue before us. They avail petitioner nothing, however, on the issue

of whether, conceding that he is a state officer, the legislature which created his office and provided for a fixed term has also authorized the shortening of that term at the age of seventy by the provisions of P. L. 1923, chap. 489, as amended.

We are not here confronted by involuntary retirement of a constitutional officer whose term having been fixed by the people is not subject to curtailment by the legislature. The petitioner's office, however, exists at the will of the legislature and it may alter or even abolish the office at will or affect the term of an incumbent in any manner which to it may seem desirable. See *Gorham* v. *Robinson,* 57 R. I. 1.

It is not without significance that every state or municipal employee retirement act which we have reviewed provides generally for compulsory membership, except as to employees or officers who are elected or appointed for a fixed term. Such personnel invariably are given the option to become members of the system or not as they may elect. No case has been called to our attention nor have we been able to discover any in which there has been any attempt to explore the legislative intent.

We are persuaded, however, that optional rather than compulsory or mandatory membership in a retirement system, restricted as it is to those having a fixed term either by election or appointment, is designed to give such an employee or officer a choice between the benefits provided in the retirement act which he must accept at a stated age and in accordance with designated procedure, or a waiving of such benefits in favor of serving out his full term beyond the retirement age. Circumstances peculiar to the case of a specific individual elected or appointed for a fixed term and qualifying as an employee, within the meaning of the act, could understandably result in a problem personal to that individual, and it seems to us that the legislature intended to leave to the individual in question the decision as to where the advantages lay. Having once elected to

join the system, however, he becomes a member thereof subject to all regulations affecting its members, and is not to be distinguished from those whose membership became compulsory upon their employment.

The respondents refer to our attention and argue vigorously the decisions in *Goodale* v. *County Comm'rs*, 277 Mass. 144, and *Williams* v. *Contributory Retirement Appeal Bd.*, 304 Mass. 601.

In the first of these cases it appears that Goodale had been elected to the office of county commissioner, an office created by the Massachusetts legislature, in November 1905 and successively thereafter for a number of years, the last such election being on November 6, 1928. Pursuant to an act of the legislature creating a retirement system for county employees, Goodale was admitted to membership in 1919 and thereafter paid in full the required contributions. He became seventy years of age September 8, 1931 and on the twenty-eighth day of that month the retirement board voted to retire him, prior to the expiration of the term for which he had been elected and was serving. The original retirement act did not authorize membership by elected officials, but in July 1919 it was amended to permit them to join at their option. The amendment provided that all provisions of the act relating to employees should apply to elected officials who became members unless otherwise expressly provided. In the next general revision of the statute, enacted prior to the action taken by the retirement board, the reference to *all provisions of the act* applying to elected officials was omitted. Goodale contended that this omission was indicative of the legislature's intention to exempt elected officials from coming within the jurisdiction of the retirement board to retire them at the age of seventy if the retirement age were attained prior to the end of the term for which such official was elected.

The Massachusetts court, in rejecting this contention, stated at page 151: "This omission could not have been in-

tended to mean that some provisions of the retirement system of which an elected officer had become a member should not be applicable to him. It is more probable that the words were omitted because they were considered superfluous, for without them the clear legislative intent would seem to be that an elective officer by becoming a member of the system subjected himself to all of its provisions including that of compulsory retirement when reaching the age of seventy. The purpose of the retirement system, as stated in the brief filed for the petitioner, is to provide for improved efficiency of employees. To be an effective retirement system all the provisions of the act including the provision concerning retirement should be observed by all members."

We are of the opinion that the reasoning as thus expressed in the *Goodale* decision is applicable to the instant cause. We are not persuaded, as is argued by petitioner, that all of the provisions of the retirement act, particularly that subjecting a member of the system to retirement at the age of seventy, should not apply to officials elected or appointed for a fixed term unless clearly and expressly set forth in the act. Rather, we think that sec. 7 (1) (a), as amended, is a clear legislative expression of an intention to subject all members of the system to the provisions of the act creating it, once membership has been acquired.

The 1919 amendment of the Massachusetts act, which permitted Goodale as an elected official to become a member of the retirement system, was further amended in 1920 for the express purpose of permitting such elected officials as were *serving prior to the enactment of the 1919 amendment* to complete their current term even though the retirement age of seventy were reached before such term was completed. Mass. Acts and Resolves 1920, chap. 176. The instant petitioner has referred this amendment to our attention in an argument designed to distinguish the *Goodale* case, *supra*, from the circumstances in the case at bar. We

have carefully reviewed the statutory provision to which he refers and conclude that it is without probative force. It leads us only to the conclusion that the Massachusetts legislature, acting within one year of the 1919 amendment, decided as a matter of policy to make an exception from the general rule for the then incumbents who understandably might not be certain of the effect on their status if they entered the system. Significantly no contention such as that made by petitioner here appears to have been made by the petitioner in the *Goodale* case, *supra,* for the court in reaching its decision made no reference to the 1920 amendment.

In *Williams* v. *Contributory Retirement Appeal Bd., supra,* the act establishing a retirement system for employees and officers of Bristol County, Massachusetts, also provided optional membership for those whose appointment or election was for a fixed term. It became operative on January 1, 1937, Williams having been elected to the office of register of deeds in 1934 for a six-year term. At his request he was voted to membership on March 31, 1937. He had become seventy years of age prior to his election in 1934 and at the time he was admitted to membership he applied for and was granted a two-year extension. Thereafter on December 15, 1938 he notified the retirement board that he waived all retirement benefits and intended to serve out his full term. The Massachusetts Supreme Court held that having once joined the system he became subject to all of the provisions of the act creating it and further that the exercise of the option was irrevocable.

That court, in deciding the *Goodale* case, *supra,* had referred to the fact that Goodale had been re-elected while holding membership in the retirement system and that the voters had elected him to his position well knowing that he might be retired prior to the completion of his term. The petitioner Williams, in the later case, emphasized this distinction, but in commenting thereon the court stated at

page 607: "We think the present case is not distinguishable in principle. It is true that in the present case the voters, by casting their votes for the petitioner, cannot be presumed to have known that the term of office of the petitioner might be curtailed by acceptance by him of membership in a retirement system, operative not before but after his election; but, nevertheless, that system was one authorized by the Legislature and binding on the public under the powers discussed in the *Goodale* case, and the petitioner in accepting membership therein must be held to have done so under legislative sanction and to be bound thereby."

Similarly here, as in the *Goodale* case, it is contended in effect that the act of the legislature creating the board of canvassers and registration is in conflict with the act establishing a retirement system for the employees of the city of Providence, the two being irreconcilable. The canons of legislative construction have long prescribed that every reasonable interpretation should be given to render harmonious what appear to be inconsistent provisions. *Blais* v. *Franklin,* 31 R. I. 95. We are of the opinion that what petitioner makes out to be an inconsistency does not in truth exist. The ready answer is that no more inconsistency exists between the retirement act and the legislation establishing a board of canvassers and registration than exists between the former and the act creating the office of mayor, once an elected or appointed official having a fixed term exercises his option in favor of joining the retirement system.

The petitioner appears to contend, however, that since he is a state officer serving in a position created by the legislature which also fixed the term of years for which his appointment would run, he is not an employee of the city of Providence within the meaning of the retirement act and therefore neither eligible for membership in the retirement system nor subject to the regulation contained within the act creating it. We cannot agree with this contention.

Although it is true that the legislature created the board of canvassers and registration, specified the duties, and fixed the term of those to be appointed, it did so for every city and town and gave the power to make appointments thereto to the mayor with the approval of the city council in the case of the city of Providence and expressly provided that the compensation to be paid to the members of the board should be paid by the city. It seems clear to us that the legislature, by providing for municipal appointment and compensation, intended to place responsibility for the proper carrying out of the duties of the office within the jurisdiction of the municipal authorities and to such extent conveyed a status of municipal employee vested with authority to exercise a portion of the state's sovereignty within well-defined limitations. Such a status is not peculiar to members of boards of canvassers and registration exclusively.

The provisions of the act creating the Providence employees' retirement system, P. L. 1923, chap. 489, sec. 1 (2), created the retirement board and gave it the right to determine who was an employee within the meaning of the act, expressly denying membership only to members of the city council. We are of the opinion that when petitioner applied for membership in March 1934 it was within the authority of the members of the retirement board to permit him to join the system. At that time the provision relating to optional membership was not a part of the act, this feature not having been included until the 1951 amendment. Whether the absence thereof from the act at the time petitioner first joined the system made membership for him compulsory is not before us. In any event it became effective prior to petitioner's last full term appointment and he made no effort at that time to test the question of whether he then had a right to withdraw or continue in the system. He undoubtedly believed that he was a member entitled to all of the benefits of the act and he continued to make contributions without raising any question of his status.

We are therefore of the opinion that petitioner was properly a member of the retirement system and subject to retirement by the respondent retirement board upon attaining the age of seventy.

He contends lastly, however, that he was appointed to his present term after his seventieth birthday without seeking permission from the respondent retirement board to continue in service. Further he points out that no such permission was given as is required by sec. 9 (1) (a). This contention is without merit. He cannot now complain that he was not required to retire some sixteen months prior to the action taken by the respondent retirement board. Its failure either to retire the petitioner immediately after he had attained his seventieth birthday or to require him formally to request a year-to-year extension amounts to nothing more than tacit consent. Further, it appears from the record of the proceedings of December 13, 1960 that the respondent retirement board had never contemplated an extension of service beyond a period of two years.

The petition is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondents with our decision endorsed thereon.

CONDON C. J., dissenting. The majority opinion is too far reaching for me to subscribe to it as a fair construction of the legislative intent of P. L. 1923, chap. 489, as amended. It approves the retirement board's exercise of a power to cut short not only the term of a state officer charged with the duty of supervising the conduct of elections in the city of Providence, but also the terms of duly-elected city councilmen, school committeemen and the mayor, if they have opted to become members of the retirement system. Indeed the thrust of the opinion extends even further. It disqualifies any retired employee or officer not only from thereafter holding any appointive office or employment under the city

government, but also any elective office thereunder. In other words a retired city employee or officer thereby becomes a second-class citizen. He may still vote in the election of city officers but that is the limit of his municipal franchise. If the general assembly intended any such far-reaching result I should normally expect to see it expressed in the legislative act or at least necessarily implied. In my opinion chap. 489 is devoid of such language.

In any event whatever the general assembly intended was to be the scope of the retirement system as far as all city officers and employees were concerned, it did not provide for the retirement by the city board of state officers such as members of the board of canvassers. This court long ago held in *Gainer* v. *Dunn,* 29 R. I. 232, and reaffirmed such holding in *Nixon* v. *Malloy,* 52 R. I. 430, that such boards exercise an exclusively state function, namely, supervision of elections and the electoral franchise. And it was further held therein that such function is in no sense subject to municipal control or regulation even though the municipalities are authorized to appoint the members of such boards.

In the case at bar, therefore, I am persuaded to agree with the petitioner that he is not lawfully entitled to become a member of the municipal retirement system in the absence of express authorization by the general assembly. And if he is not a lawful member of the system the retirement board is without jurisdiction over him. On this view the Massachusetts cases cited in the majority opinion are not in point. Whether the majority accepts our *Gainer* and *Nixon* cases that members of boards of canvassers are state officers is not clear to me from their opinion. If they do, it seems to me a *non sequitur* to hold that such members are eligible for membership in a retirement system expressly

enacted for municipal employees and officers. For the above reasons I dissent.

*Cooney, Jaffe and Cooney, John P. Cooney, Jr.,* for petitioner.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Assistant City Solicitor, *Edward F. Burke,* for respondents.