# SUPPLEMENT.

## OPINION OF THE JUSTICES TO THE SENATE AND HOUSE OF REPRESENTATIVES.

The twenty-second amendment to the Constitution of the Commonwealth requires the Commonwealth to be divided by the General Court into senatorial districts according to the boundaries of towns and cities and the wards thereof, as they existed on the first day of May in the year in which the census of legal voters is taken that applies to said apportionment and division.

The twenty-first amendment to the Constitution of the Commonwealth requires the aldermen of the city of Boston, and the county commissioners of the other counties than Suffolk (in case no special commissioners are provided therefor), to divide the assignments of representatives to the several counties apportioned by the Legislature, according to the boundaries of the towns and cities and their wards, as they existed on the first day of May in the year in which the census of the legal voters is taken that applies to said apportionment and division.

ON May 21, 1886, the following order was passed by the Senate and by the House of Representatives, and was transmitted on the following day to the Justices of the Supreme Judicial Court, who, on May 28, returned the answer which is subjoined.

Whereas, in the year eighteen hundred and sixty-five the Legislature did pass an act entitled " An act empowering cities to re-establish their wards," * which act has ever since been in force, and divers cities in the Commonwealth have re-established their wards according to the provisions of said act; and

Whereas, divers cities and towns have been incorporated and organized under and by virtue of certain acts of the Legislature relating thereto; and

Whereas, the General Court at its present session is required to divide the Commonwealth into senatorial districts, and to provide for the apportionment and division of the Commonwealth

---

* St. 1865, c. 7.

into representative districts, and to this end has certain bills, orders, and other proceedings now pending before it relating thereto; and

Whereas, the authority to make such apportionments and divisions, according to the territorial boundaries of towns and cities, and their wards, as now existing and established, or hereafter to be established, under said acts of the Legislature, is brought into question, and the constitutionality thereof disputed; therefore, it is

Ordered by the General Court, in each branch thereof, that the opinion of the Justices of the Supreme Judicial Court be required upon the following important questions of law:

First. Does the Constitution in the twenty-second amendment thereof require the Commonwealth to be divided by the General Court into senatorial districts, according to the boundaries of towns and cities and the wards thereof, as they existed on the first day of May in the year in which the census of legal voters is taken that applies to said apportionment and division?

Second. Does the Constitution in the twenty-first amendment thereof require the aldermen of the city of Boston, and the county commissioners of the other counties than Suffolk (in case no special commissioners are provided therefor), to divide the assignments of representatives to the several counties apportioned by the Legislature, according to the boundaries of the towns and cities and their wards, as·they existed on the first day of May in the year in which the census of the legal voters is taken that applies to said apportionment and division?

Third. Under the terms of the twenty-second amendment to the Constitution, can the General Court, in making the apportionment of senators and in the division of the Commonwealth into districts therefor, recognize and take as a basis for the same the towns incorporated or organized after the first day of May of the year in which the census of legal voters is taken that applies to such apportionment or division, or the wards in cities which have been established under the general law, being chapter seven of the acts of the year eighteen hundred and sixty-five, or under any other law, special or general, relating thereto, after the first day of May of the year in which the census of legal voters is taken that applies to such apportionment or division?

Fourth. Under the terms of the twenty-first amendment to the Constitution, can the aldermen of the city of Boston, and the county commissioners of the other counties than Suffolk (in case no special commissioners are provided therefor), in making the division into representative districts, recognize or take as a basis therefor the towns incorporated or organized after the first day of May of the year in which the census of legal voters is taken that applies to said apportionment or division, or the wards in cities which have been established under the general law, being chapter seven of the acts of the year eighteen hundred and sixty-five, or under any other law, special or general, relating thereto, after the first day of May of the year in which the census of voters is taken that applies to said apportionment or division?

The Justices of the Supreme Judicial Court, having considered the questions proposed in the joint order of the twenty-first of May present, respectfully submit the following opinion.

The twenty-second article of amendment of the Constitution provides that " a census of the legal voters of each city and town, on the first day of May, shall be taken. and returned into the office of the Secretary of the Commonwealth, on or before the last day of June, in the year one thousand eight hundred and fifty-seven ; and a census of the inhabitants of each city and town, in the year one thousand eight hundred and sixty-five, and of every tenth year thereafter. In the census aforesaid, a special enumeration shall be made of the legal voters, and in each city said enumeration shall specify the number of such legal voters aforesaid, residing in each ward of such city. The enumeration aforesaid shall determine the apportionment of senators for the periods between the taking of the census. The Senate shall consist of forty members. The General Court shall, at its first session after each next preceding special enumeration, divide the Commonwealth into forty districts of adjacent territory, each district to contain, as nearly as may be, an equal number of legal voters, according to the enumeration aforesaid : provided, however, that no town or ward of a city shall be divided therefor."

The first and third questions proposed to us are whether, in dividing the Commonwealth into senatorial districts, the General

Court must be governed by the boundaries of the towns and wards as they existed on the first day of May of the year in which the census is taken, or whether they can make such division according to the boundaries of towns and wards as they exist at the time of the division, if there has been any change in such boundaries since the first day of the next preceding May.

We have no doubt that the amendment imposes upon the General Court, in each tenth year, the duty of providing by suitable legislation that a census and enumeration of legal voters shall be taken and returned into the office of the Secretary of the Commonwealth. The great object of the amendment was to establish the Senate upon the basis of legal voters, and to provide for a method of ascertaining the number of legal voters, so as to furnish a guide to the General Court in dividing the State into senatorial districts. The fundamental idea is, that an enumeration shall be made under the authority and direction of the Commonwealth, and that this enumeration alone shall guide the General Court in making the division. Such enumeration must " determine the apportionment of senators," and the division must be made " according to the enumeration aforesaid." The General Court is to be governed entirely by this enumeration, and is not at liberty to look to any other source for information as to the number of legal voters in any territory which it proposes to erect into a senatorial district. It must act upon the enumeration returned to the office of the Secretary of the Commonwealth, and by him laid before the Legislature.

The provision that the enumeration shall specify the number of legal voters in each ward of a city necessarily refers to each ward as it existed on the first day of May; and the accompanying provision, that " no town or ward of a city shall be divided," we think by its fair construction refers to such town or ward, that is, the town or ward as it existed on the first day of May of the year in which the census is taken.

The intention of the framers of the amendment seems to have been to establish such town or ward as a unit of division. The scheme was to ascertain the number of voters in each town and ward as found on the first day of May, and then, as soon as could be thereafter, to divide the State into senatorial districts according to that enumeration. It regards the apportionment as a

continuing act or process, beginning with the enumeration of voters in the several towns and wards, and ending with the assignment of the same towns and wards to senatorial districts. There seems to be no reason for requiring the enumeration by wards as they exist on the first day of May, unless such enumeration is to regulate the division into districts.

If a town is divided, or the wards of a city are changed, after the first day of the preceding May, and before the time when the division is made, the Constitution does not furnish the General Court with the means of ascertaining the number of voters who resided in the new town or ward on the first day of May. If the division is to be made according to the boundaries of the new towns or wards, how is the General Court to ascertain the number of legal voters in such new towns or wards? The official returns, which are by the Constitution the only basis upon which it can act, do not show it. It might perhaps, by other means, more or less to be relied on, ascertain approximately the number, but this would be a violation of the provision that the official enumeration shall determine the apportionment.

The Constitution does not intend that the apportionment of senators, which affects the people of the whole State, shall be determined by any enumeration taken by officials of cities or towns, or by the number of voters ascertained in any other mode than that which it provides. On the contrary, as we have before said, it does clearly intend that the official enumeration, taken and returned to the office of the Secretary of the Commonwealth under the authority of, and by officers of, the Commonwealth, shall be the sole guide of the General Court in making the apportionment.

We are therefore of opinion, that, by the sound construction of the twenty-second article of amendment, the General Court is required to divide the State into senatorial districts according to the boundaries of the towns and wards as they existed on the first day of May last.

If the question were a new one, we should have adopted this construction without any hesitation. We have considered the subject with more care, because the fact cannot be overlooked that, in apportioning the senators in the years eighteen hundred

and sixty-six* and eighteen hundred and seventy-six,† the General Court proceeded upon a different construction of the twenty-second amendment. It is true, that, when a provision of the Constitution is obscure and doubtful, the construction adopted by the Legislature, or any other department of government, is entitled to great weight. But the Constitution is supreme, and no number of legislative acts will justify a construction against its plain meaning.

The provision we are considering is intended to be permanent, and we think that its meaning is reasonably clear, and that the construction implied in acts of previous Legislatures ought not to control our opinion.

Nor do we overlook the fact, that a division according to the old wards in the city of Boston will, so long as the present statutes remain in force,‡ lead to the inconvenience that there will be one system of wards for the purposes of electing councillors, senators, and representatives, and a different system of wards for all other purposes. But this is an inconvenience which is not an incident of or created by the constitutional provision. It is the result of subsequent legislation and can be cured by legislation. An inconvenience thus created cannot be of weight in determining the true construction of the constitutional provision.

The twenty-first amendment, so far as the provisions we are considering are concerned, is in substance, and very nearly in language, the same as the twenty-second, and must receive the same construction.

It follows, that the first and second questions proposed to us must be answered in the affirmative, and the third and fourth questions in the negative.

MARCUS MORTON.

WALBRIDGE A. FIELD.

CHARLES DEVENS.

WILLIAM ALLEN.

CHARLES ALLEN.

OLIVER WENDELL HOLMES, JR.

WILLIAM S. GARDNER.

May 27, 1886.

---

* St. 1866, c. 120.         † St. 1876, c. 190.

‡ Pub. Sts. c. 28, § 14.    St. 1884, c. 181, § 9.