# SUPPLEMENT.

### OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

A bill, proposed in the Legislature in accordance with art. 22 of the Amendments to the Constitution of the Commonwealth, "to establish congressional, councillor and senatorial districts and to apportion representatives," is not subject to a referendum petition under art. 48 of the Amendments to that Constitution.

The House of Representatives having passed on April 21, 1926, the order set out below, transmitted it to the Justices of the Supreme Judicial Court on April 22. Accompanying the order was a copy of a proposed act "to establish congressional, councillor and senatorial districts and to apportion representatives."

On April 29, 1926, the Justices returned the following answer:

The undersigned, Justices of the Supreme Judicial Court, have received a communication from the Honorable the House of Representatives as follows:

"House of Representatives, April 21, 1926.

"WHEREAS, There is pending before the General Court a bill (Senate, No. 328) to establish congressional, councillor and senatorial districts and to apportion representatives; and

"WHEREAS, Doubt exists as to whether or not the provisions of Article XLVIII of the Amendments to the Constitution of the Commonwealth relative to the Referendum, would apply to such a measure, if enacted; therefore be it

"ORDERED, that the opinion of the Justices of the Supreme Judicial Court be required by the House of Representatives on the following important question of law: Would the above mentioned bill, if enacted, be subject to a referendum petition under said provisions?"

The Constitution of the Commonwealth as amended, art. 16, provides that councillor districts shall be eight in number of contiguous territory and each shall consist of five

contiguous senatorial districts, each to contain as nearly as may be an equal number of legal voters, with the further requirement that wards and towns shall not be divided.

The House of Representatives, by art. 21, consists of two hundred and forty members to be apportioned by the Legislature in the several counties of the Commonwealth equally, as nearly as may be, according to the relative number of legal voters as ascertained by the next preceding special enumeration. Then follow provisions for dividing counties into representative districts by the mayor and aldermen of the city of Boston, the county commissioners of other counties, or, in lieu thereof, by such special commissioners in each county as may be provided by law.

The Constitution of the Commonwealth as amended, art. 22, requires the General Court at its first session after each decennial census to divide the Commonwealth into forty senatorial districts of adjacent territory, each district to contain as nearly as may be an equal number of legal voters according to the enumeration in the census, with prohibitions against dividing towns or wards, and against uniting counties or parts of two or more counties in one district.

By 37 U. S. Sts. at Large, 14, c. 5, § 4, approved August 8, 1911, it is provided: "That in case of an increase in the number of Representatives in any State under this apportionment such additional Representative or Representatives shall be elected by the State at large and the other Representatives by the districts now prescribed by law until such State shall be redistricted in the manner provided by the laws thereof and in accordance with the rules enumerated in section three of this Act; and if there be no change in the number of Representatives from a State, the Representatives thereof shall be elected from the districts now prescribed by law until such State shall be redistricted as herein prescribed." Section 3 provides "That in each State entitled under this apportionment to more than one Representative, the Representatives to the Sixty-third and each subsequent Congress shall be elected by districts composed of a contiguous and compact territory, and containing as nearly as practicable an equal number of inhabitants. The said

districts shall be equal to the number of Representatives to which such State may be entitled in Congress, no district electing more than one Representative."

The mode and time of apportionment are prescribed by the Constitution of the Commonwealth and it must be held that the people designed that it should be exercised at that time and by that mode only. In construing statute or constitutional provisions, the court looks to the history of the times when the constitution or law was made, and into the proceedings of those forming the organic law. *Rhode Island* v. *Massachusetts*, 12 Pet. 657. Nothing seems to have been left to implication. Cooley, Const. Lim. (7th ed.) 114, 115. *Opinion of the Justices*, 10 Gray, 613, 624. *Opinion of the Justices*, 142 Mass. 601.

The various districts are political divisions for the election of the various officers described in the amendments, as well as for the election of Representatives to Congress under the Federal law. The voters of one district may deem themselves aggrieved by the apportionment, while the voters of another district may be satisfied with it. It is true that the apportionment territorially covers the Commonwealth. But if it had been the purpose of the people to submit to the qualified voters on referendum the apportionment where there are or may be diversified, local interests, the language of art. 48, § 3, sub-section 1, excludes such construction.

It is inconceivable, in view of the confuson which might result from a referendum where the representative districts are determined by some tribunal other than the Legislature, that it could have been intended that the referendum was to be applicable to the congressional, senatorial and councillor districts, while it could not in any event apply to the representative districts. It has been said: "Principles of public policy constitute one of the sources of law. Where the decision of a case is not plainly governed by some constitutional provision, statute, or rule of law, and no previous authoritative decision seems to be applicable, such principles should be, and doubtless are, given consideration by the court." This conclusion is supported also by the language of art. 48, The Referendum, § 3, sub-section 2, which excludes

from its operation matters relating "to a particular town, city or other political division or to particular districts or localities of the commonwealth." It is a cardinal rule of interpretation that " . . . where a provision, general in its language and objects, is followed by a proviso, the rule applicable to such cases occurring in statutes has been applied to constitutions, viz.; that the proviso is to be strictly construed, as taking no case out of the provision that does not fairly fall within the terms of the proviso, the latter being understood as carving out of the provision only specified exception, within the words as well as within the reason of the former." Endlich, Interpretation of Statutes, 742.

The proposed Act, by its terms, is to "establish congressional, councillor and senatorial districts and to apportion representatives." But when this has been accomplished by the Legislature, to which the power has been delegated by the Constitution, and in the manner therein provided, nothing further remains to be done. *Opinion of the Justices,* 10 Gray, 613. *Donovan* v. *Suffolk County Apportionment Commissioners,* 225 Mass. 55, 58.

We have not overlooked the decision in *State* v. *Hildebrant,* 94 Ohio St. 154, *Ohio* v. *Hildebrant,* 241 U. S. 565, *State* v. *Polley,* 26 S. D. 5, and *Opinion of the Justices,* 118 Maine, 552. The provisions in the constitutions of the States of Ohio, South Dakota and Maine, relating to the same subject matter, are distinguishable from the provisions of our own Constitution. The Constitution of Ohio, art. 2, § 1 (d), as summarized in the opinion in *State* v. *Hildebrant, supra,* provides that " . . . laws providing for tax levies and certain emergency laws, when passed by a yea and nay vote of two-thirds of all members elected to each branch of the general assembly, shall go into immediate effect and shall not be subject to the referendum imposed by the preceding section. As to all other laws passed by the general assembly, the people have reserved to themselves the power of adoption or rejection."

Article 3, § 1, of the Constitution of the State of South Dakota provides: "The legislative power . . . shall be vested in a legislature . . . except that the people expressly

reserve to themselves the right to . . . require that any laws which the legislature may have enacted shall be submitted to a vote of the electors of the state before going into effect, except such laws as may be necessary for the immediate preservation of the public peace, health or safety, support of the state government and its existing public institutions."

The Thirty-first Amendment to the Constitution of the State of Maine declares: "No act or joint resolution of the legislature, except such orders or resolutions as pertain solely to facilitating the performance of the business of the legislature, of either branch, or of any committee or officer thereof, or appropriate money therefor or for the payment of salaries fixed by law, shall take effect until ninety days after the recess of the legislature passing it, unless in case of emergency, . . . ."

It follows that the question propounded must be answered in the negative.

The Chief Justice has been unable to participate in the consideration of this question.

<div style="text-align:center">

HENRY K. BRALEY.

JOHN C. CROSBY.

EDWARD P. PIERCE.

JAMES B. CARROLL.

WILLIAM CUSHING WAIT.

GEORGE A. SANDERSON.