EDWARD E. MERRILL *vs.* COUNTY COMMISSIONERS OF ESSEX.

Essex.   September 17, 1926. — October 13, 1926.

Present: CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Constitutional Law,* Apportionment of legislative districts.   *County Commissioners.   Mandamus.*

An apportionment of representatives by county commissioners purporting to act under art. 21 of the Amendments to the Constitution is a nullity if it does not approximate as nearly as reasonably may be to exactness in the number of legal voters in any district when compared with the legal voters in other districts.

County commissioners are not justified in failing to make an apportionment meet the requirements above described either by the fact that no legal voter appeared to protest against the apportionment or to suggest a better one, or by the fact that any change in the apportionment of districts would be against the wishes of the representatives of the affected municipalities, or by the fact of the variant characteristics of voters in the contiguous communities for the purpose of representation; and that they acted in good faith and in the exercise of their best judgment is immaterial.

An apportionment by the commissioners of a county containing one hundred seventy-nine thousand four hundred and thirty-nine legal voters into thirty-one representative districts containing voters varying in number from eight thousand two hundred and fifty-six in one district to four thousand one hundred and thirty-five in another is not a compliance with the requirements of art. 21 of the Amendments to the Constitution and is void.

A petition, alleging the apportionments above described and that the apportionment thus made was void, and seeking a writ of mandamus directing a reapportionment in accordance with the constitutional requirements, was granted.

PETITION, filed in the Supreme Judicial Court for the county of Essex on August 4, 1926, alleging that the division by the respondents of the county of Essex into representative districts on August 3, 1926, was in violation of constitutional requirements, and seeking a writ of mandamus directing the respondents " to make the division and apportionment of said county of Essex into representative districts in such manner that the said county shall be divided into such dis-

tricts of contiguous territory entitled respectively to elect such number of representatives as will give, as nearly as may be, one representative for every five thousand seven hundred and eighty-eight legal voters, provided that no town or ward of a city shall be divided therefor, nor shall any district be made which shall be entitled to elect more than three representatives."

The petition was referred to an auditor. Material facts found by the auditor are stated in the opinion. The case was heard by *Braley*, J., upon the pleadings and the auditor's report. The single justice found the facts as stated by the auditor, refused to rule as a matter of law that a writ of mandamus should issue, and reported the case to the full court for determination.

The case was submitted on briefs.

*R. W. Hill, E. L. Howie, & R. E. Blake,* for the petitioner.

*S. Parsons, A. G. Wadleigh, & P. F. Crowley,* for the respondents.

PIERCE, J. This is a petition for a writ of mandamus brought by a legal voter of "Ward Two in the city of Salem" and county of Essex against the county commissioners of the county of Essex, praying that the division of said county and apportionment of representatives made by the said commissioners, while purporting to act in accordance with art. 21 of the Amendments to the Constitution and St. 1926, c. 372, should be declared null and void because the action of the commissioners violates that part of art. 21 of the Amendments to the Constitution which reads, "the county commissioners in each county . . . shall, on the first Tuesday of August next after each assignment of representatives to each county, assemble at a shire town of their respective counties, and proceed, as soon as may be, to divide the same into representative districts . . . so as to apportion the representation assigned to each county equally, as nearly as may be, according to the relative number of legal voters in the several districts of each county." The petition was referred to an auditor. A justice of this court found the facts to be as stated by the auditor, and reported the case for the determination by the full court.

The pertinent facts thus found in substance are as follows: The number of legal voters in said county of Essex, as appears by the decennial census of the Commonwealth taken in the year 1925, was one hundred seventy-nine thousand four hundred and thirty-nine. The county of Essex is entitled, by virtue of said census and by St. 1926, c. 372, § 4, to thirty-one representatives to the General Court. The average number of voters for each representative in such districts is five thousand seven hundred and eighty-eight. With the exception of objections made as to two of the districts in the city of Salem, designated as districts numbered 15 and 18, and the request that the town of Saugus be made a single district, no objection was made by any person to the districts as apportioned by the respondents.

District 12 has one representative for four thousand, six hundred and eighty-two legal voters. District 16 has one representative for four thousand one hundred and thirty-five legal voters. Districts 12, 13 and 14 contain in the aggregate forty-one thousand four hundred and eighteen legal voters to which eight representatives are assigned or one for every five thousand one hundred and seventy-seven legal voters. Districts 15, 17 and 18, the three Salem districts, contain in the aggregate twenty thousand and eleven legal voters, to which three representatives are assigned or one for about every six thousand six hundred and seventy legal voters. In districts 3, 4, 12, 13, 14, and 16 the voters are entitled to vote for a representative for a much less number of legal voters than five thousand seven hundred and eighty-eight, to wit, an average of four thousand nine hundred and thirty-eight. Comparing district 18, with one representative to eight thousand, two hundred and fifty-six legal voters, with district 12, with one representative to four thousand six hundred and eighty-two legal voters, with district 16 with one representative to four thousand one hundred thirty-five legal voters, with districts 12, 13, and 14, with one representative to five thousand one hundred and seventy-nine legal voters, with districts 15, 17 and 18, with one representative to six thousand six hundred and seventy legal voters and districts 3, 4, 12, 13, 14 and 16,

with one representative to an average of four thousand nine hundred and thirty-eight legal voters, it is at once obvious that the mathematical ratio of apportionment adopted by the commissioners is grossly unequal and discriminating as applied to the several districts; and it is readily perceived that their redistricting of the county does not apportion the representatives assigned to the county of Essex equally as nearly as may be according to the relative number of legal voters in the several districts of that county.

This great inequality, while recognized by the respondents, is defended on the ground that "The commissioners in the exercise of their honest judgment, adopted the apportionment complained of as the least objectionable solution of a difficult problem"; and on the further ground that the "commissioners, acting in good faith and exercising their best judgment, made what they believed to be the best apportionment of Essex County into representative districts."

Of course the question for decision is not whether the commissioners acted in good or bad faith, or whether the result reached by them is the "best apportionment of Essex County into representative districts," but is, Does the apportionment made approximate as nearly as reasonably may be to exactness in the number of legal voters in any district, when compared with the legal voters in other districts? If the apportionment does not thus approximate, the action of the commissioners is a nullity, because it transgresses the commands of the Constitution. *Donovan* v. *Suffolk County Apportionment Commissioners*, 225 Mass. 55. The commissioners were bound to observe the limitations on their action prescribed by the Constitution and could not justifiably or legally make an unequal apportionment in representation because no legal voter appeared to protest against the apportionment or to suggest a better one. Nor were they excused from the performance of their duty by the fact found by the auditor that any change in the apportionment of districts would be against the wishes of the representatives of the affected municipalities, or by the fact of the variant characteristics of voters in the contiguous communities for the purpose of representation. The finding of the

auditor, that "It is possible to divide and apportion Essex County so that the numerical excess and shortage of the several districts complained of . . . would be materially lessened," is justified by the reported facts; and the reasons given for or in explanation of the action of the commissioners fail to show that they could not have apportioned the representation in a way which would result in an equality in the county, as nearly as may be, according to the relative number of legal voters in the several districts in each county.

Let the entry be in substance, that the present division and apportionment of the county of Essex into representative districts, made and filed by the commissioners, is void as not in conformity to the Constitution, and that the commissioners proceed "as soon as may be" to divide the county of Essex into representative districts so as to apportion the number of representatives assigned to that county "equally, as nearly as may be, according to the relative number of legal voters" in the several districts, and otherwise in conformity to the Constitution and to art. 21 of the Amendments to the Constitution, and to make due report thereof as required by said article of amendment.

*So ordered.*