# SUPPLEMENT

## Opinion of the Justices to the Senate.

*Constitutional Law*, Apportionment of. representation, Appointment of civil officers, General Court, Separation of powers of government, Delegation of powers, Referendum. *Public Officer. General Court. Words*, "Naming," "Office."

In the opinion of all the justices excepting Cox, J., a proposed act providing for the choice of all, or of a part, of the members of boards of special commissioners to divide into representative districts the several counties entitled to more than one representative "by joint ballot of senators and representatives in one room," that members of the General Court who are residents of a county may be chosen as members of a board for such county, and that the Governor may fill any vacancy among members so chosen, would be a violation of art. 30 of the Declaration of Rights and of art. 65 of the Amendments to the Constitution.

In the opinion of all the justices, such a bill, if enacted, would not be subject to referendum.

On May 3, 1939, the Senate adopted the following order:

WHEREAS, The joint special committee, appointed to recommend a new division of the Commonwealth into councillor and senatorial districts and a new apportionment of representatives to the several counties and to make recommendations relative to the formation of representative districts, has filed a report in part, Senate, No. 498, relative to the apportionment of representatives and the formation of representative districts, a copy of which report is herewith submitted; and

WHEREAS, In said report said committee recommends the passage of a bill, Appendix B, accompanying said report, also printed as Senate, No. 500, a copy of which is herewith submitted, which provides that each county other than Suffolk, Dukes and Nantucket shall be divided into representative districts by a board composed of the county commissioners and four other persons to be chosen by joint ballot of the senators and representatives in one

room, that Suffolk County shall be so divided by a board of seven persons chosen by such joint ballot, that any of the members of any of said boards to be so chosen may be members of the General Court and all of them shall be residents of the respective counties for which they are chosen, and that the Governor shall make appointments of persons qualified as aforesaid to fill any vacancies that may occur in any of said boards; and

WHEREAS, Said bill contains no emergency preamble, but provides that it shall take effect upon its passage; and

WHEREAS, Grave doubt exists as to the constitutionality and legal effect of said measure if enacted into law; and

WHEREAS, A solemn occasion and serious emergency exists, requiring the opinions of the Justices of the Supreme Judicial Court; now, therefore, be it

ORDERED, That the opinions of the Justices of the Supreme Judicial Court be required by the Senate upon the following important questions of law:

1. In view of the provisions of Article XXX of Part the First of the Constitution of the Commonwealth, in view of so much of Article IV of Section I of Chapter I of Part the Second thereof as authorizes the General Court "to name and settle annually, or provide by fixed laws, for the naming and settling all civil officers within the said commonwealth", except those established by the constitution and chosen under its provisions, and in view of the provision of Article XXI of the Amendments to said Constitution, as appearing in Article LXXI of said Amendments, that a county shall be divided into representative districts by the "county commissioners or other body acting as such or, in lieu thereof, such board of special commissioners in each county as may for that purpose be provided by law", is it constitutionally competent for the General Court

(a) to provide for the division of each of several counties into representative districts by a board of special commissioners composed of the persons who are county commissioners, and of other persons, residents of such

county, chosen by joint ballot of the senators and representatives in one room, substantially as provided in section one of said bill,

(b) to provide for such a division of a county by a board of special commissioners composed wholly of residents of such county chosen in the manner aforesaid, substantially as provided in section two of said bill,

(c) to provide in one bill for such a division of each of several counties by a board composed as provided in said section one, and of another county by a board composed as provided in said section two?

2. Is it constitutionally competent for the General Court to provide that any vacancies occurring, among members chosen as aforesaid, in boards established for the purpose of dividing the aforesaid counties, respectively, into representative districts, shall be filled by appointment by the Governor, substantially as provided in said bill?

3. In view of Article XXX of Part the First of the Constitution of the Commonwealth, of Article LXV of the Amendments to said Constitution, and of Article XXI of said Amendments, as appearing in Article LXXI thereof, are the provisions of said bill, whereby a board to divide a county into representative districts may be composed in whole or in part of members of the General Court who are residents of such county, valid and constitutional provisions?

4. In view of the provisions of said Article XXI, as appearing in said Article LXXI, including those prescribing the time and manner of the division of the several counties of the Commonwealth into representative districts, and in view of the provisions of Article XLVIII of said Amendments, The Referendum, III, Section 2, more particularly those excluding from the operation of the referendum any "law . . . the operation of which is restricted to a particular . . . political subdivision or to particular districts or localities of the commonwealth", can said bill, Senate, No. 500, if enacted into law, lawfully be the subject of a referendum petition under said Article XLVIII?

On May 5, 1939, the order was transmitted to the Justices, who, on May 24, 1939, returned the following answers:

To The Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions set forth in an order adopted by the Senate on May 3, 1939, and transmitted to them on May 5, 1939, a copy of which is hereto annexed. The questions relate to a bill (Senate, No. 500), entitled "An Act establishing boards of special commissioners to divide into representative districts the several counties of the Commonwealth which are entitled to more than one representative," now pending before the General Court upon a report of the special committee on redistricting (Senate, No. 498). Copies of the bill and report are annexed to the order.

The bill provides, in substance, that each county other than Suffolk, Dukes and Nantucket shall be divided into representative districts by a board composed of the county commissioners and four other persons to be chosen by joint ballot of the senators and representatives in one room, that Suffolk County shall be so divided by a board of seven persons chosen by such joint ballot, that any of the members of any of said boards may be members of the General Court and all of them shall be residents of the respective counties for which they are chosen, and that the Governor shall make appointments of persons qualified as aforesaid to fill any vacancies that may occur in any of said boards. The bill contains no emergency preamble, but provides that it shall take effect upon its passage.

Four questions, one of them containing three subdivisions, are submitted. Three of these questions present for consideration matters relating to the constitutionality of the bill, if enacted into law. The fourth question is whether the bill, if so enacted, will be subject to a referendum petition under art. 48 of the Amendments to the Constitution.

Article 71 of the Amendments to the Constitution, which was adopted in place of art. 21 thereof, thereby annulled,

provides for a "special enumeration" of the legal voters of each city and town; and provides further that "The house of representatives shall consist of two hundred and forty members, which shall be apportioned by the general court . . . to the several counties of the commonwealth, equally, as nearly as may be, according to their relative numbers of legal voters, as ascertained by said special enumeration," and that "The county commissioners or other body acting as such or, in lieu thereof, such board of special commissioners in each county as may for that purpose be provided by law, shall . . . assemble at a shire town of their respective counties, and proceed, as soon as may be, to divide the same into representative districts of contiguous territory and assign representatives thereto." There are other provisions in the article which are not significant with relation to the questions submitted.

Article 71 of the Amendments, by imposing the duty of dividing counties into representative districts upon the "county commissioners or other body acting as such or, in lieu thereof, such board of special commissioners in each county as may for that purpose be provided by law," imports that such a board of special commissioners may be established or "provided by law," that is, in the manner fixed by the Constitution for the enactment of statutes generally. Constitution, Part II, c. 1, § 1, arts. 1, 2; art. 56 of the Amendments. By the bill submitted for our consideration, if enacted and valid, such a "board of special commissioners" will be "provided by law" for each of the counties other than Dukes and Nantucket. The bill provides in its first section for a board of special commissioners for each of the counties other than Suffolk, Dukes and Nantucket, and provides in its second section for a board of special commissioners for the county of Suffolk constituted in a manner different from that in which the boards of special commissioners for other counties are constituted. The matter for consideration is whether either or both of the methods by which, according to the terms of the bill establishing such boards of special commissioners, these boards are to be constituted are open to any constitutional

objection under the provisions of said article, the provisions of art. 30 of the Declaration of Rights of the Constitution, or any other provision of the Constitution.

The board of special commissioners for each of the counties other than Suffolk, Dukes and Nantucket under § 1 of the bill is to consist "of the persons holding the office of county commissioner and four other persons, residents of the county, to be chosen by joint ballot of the senators and representatives in one room." Though county commissioners are not officers of the Commonwealth within the meaning of Part II, c. 1, § 2, art. 8, of the Constitution, undoubtedly they are civil officers. *Opinion of the Justices*, 167 Mass. 599, 600. They are county officers. *Goodale* v. *County Commissioners of Worcester*, 277 Mass. 144, 148. But for the establishment of boards of special commissioners they would have the duty of dividing the counties into representative districts. Obviously there is nothing incompatible in the duties of county commissioners and of the boards of special commissioners established by the bill, if enacted into law, and art. 71 imports that county commissioners are proper persons to act in the matter of dividing the counties into representative districts. We perceive no reason why it may not be "provided by law" that county commissioners shall be members of boards of special commissioners. See *Opinion of the Justices*, 302 Mass. 605, 620. Moreover, it is clear that there is no constitutional objection to requiring that the "four other persons" who are chosen to be members of such a board shall be "residents of the county." The functions to be performed by a board of special commissioners are distinctly matters of such local interest that this requirement is reasonable. See *Bradley* v. *Zoning Adjustment Board of Boston*, 255 Mass. 160, 167.

The question arises, however, whether the method "provided by law," if the bill is enacted, for choosing the "four other persons" is objectionable on constitutional grounds. Clearly art. 71 of the Amendments, in authorizing provision "by law" for boards of special commissioners, not only authorizes creation "by law" of such boards but also

authorizes the fixing "by law" of the method by which the members of such boards shall be chosen. The amendment, however, does not specifically prescribe the method of choice, and, consequently, the method of choice prescribed by the bill is not in conflict with any specific provision of the amendment. But the amendment does not permit a method of choice that is not in conformity with other constitutional provisions. The other constitutional provisions, therefore, must be considered.

The Constitution, Part II, c. 1, § 1, art. 4, empowers "the said general court," described in the first article of said section, "to name and settle annually, or provide by fixed laws, for the naming and settling all civil officers within the said commonwealth; the election and constitution of whom are not hereafter in this form of government otherwise provided for." The members of the boards of special commissioners are "civil officers within the said commonwealth." See *Opinion of the Justices*, 167 Mass. 599, 600; 302 Mass. 605, 620. See also *Attorney General v. Drohan*, 169 Mass. 534, 535; *Bradley v. Zoning Adjustment Board of Boston*, 255 Mass. 160, 165–166. It was said in *Donovan v. Suffolk County Apportionment Commissioners*, 225 Mass. 55, 58, of similar commissioners elected according to St. 1913, c. 835, § 390, enacted under the authority of art. 21 of the Amendments, now superseded by art. 71, that "The commissioners act as independent officers in the performance of a duty imposed by the Constitution."

The Constitution contains no provision for "the election and constitution" of these civil officers — the members of boards of special commissioners — apart from the authority implied by said art. 71 and from the provisions of said art. 4 hereinbefore quoted. And the bill under consideration would not be an exercise of the power conferred by said art. 4 upon the General Court "to name and settle annually . . . all civil officers within the said commonwealth." It does not purport to "name" the "four other persons" who are to be members of each of these boards of special commissioners. On the contrary it purports to

provide by a fixed law for choosing or "naming" such civil officers. And the method of choice so provided by the bill is not such a "naming" of these civil officers by "the said general court" as is authorized by said art. 4. Article 1 of the section which includes said art. 4 states: "The department of legislation shall be formed by two branches, a Senate and House of Representatives: each of which shall have a negative on the other . . . and shall be styled, THE GENERAL COURT OF MASSACHUSETTS." Therefore, when action by the General Court is required by the Constitution, the action must be taken in such a manner that each branch thereof "shall have a negative on the other," which means necessarily that each branch shall act separately and not "by joint ballot of the senators and representatives in one room" as is provided by the bill. When action by such a joint ballot is contemplated by the Constitution, express provision is made therefor. See art. 17 of the Amendments. The provision in the bill for the choice of members of the boards of special commissioners by such a joint ballot, therefore, is not a provision by a fixed law for the "naming and settling" of civil officers by the General Court. See *Opinion of the Justices,* 302 Mass. 605, 621. They are not to be named by the General Court in the manner prescribed by the Constitution.

It remains to consider whether, under the power conferred upon the General Court by said art. 4 to "provide by fixed laws, for the naming and settling all civil officers within the said commonwealth," the General Court may provide by a fixed law for the choice of members of boards of special commissioners by senators and representatives acting in a manner other than that prescribed by the Constitution for action by the General Court. The power which, by this language of art. 4, is conferred upon the General Court is very broad (see *Brown* v. *Russell,* 166 Mass. 14, 25), but its scope must be determined in the light of other constitutional provisions, including the provision of art. 30 of the Declaration of Rights that "the legislative department shall never exercise the executive . . . powers." The general subject was discussed rather fully in *Opinion of the*

*Justices*, 302 Mass. 605, 620–623, and the conclusion reached, with respect to a bill providing for the appointment, by the President of the Senate and the Speaker of the House of Representatives, of a commission or committee created by said bill, that "to confer upon such purely legislative officers the executive power of appointment of members of the commission or committee provided for by the bill and an amendment thereto, whether or not such members are required to be chosen from among members of the General Court, would be violative of said art. 30 as authorizing the legislative department to exercise executive powers." Page 623. We see no sound ground of distinction in this respect between the bill then under consideration and the present bill. There is no substantial difference in the nature of the power to choose members of boards of special commissioners provided for by the bill now under consideration and of the power to appoint the commission or committee provided for by the bill considered in the *Opinion of the Justices* above referred to. Clearly, the appointment of members of such boards is not merely incidental to the exercise of legislative powers. See page 619. See also *Opinion of the Justices*, 10 Gray, 613, 616; *Donovan* v. *Suffolk County Apportionment Commissioners*, 225 Mass. 55, 58. Moreover, the senators and representatives who are to act in the choice of members of the boards of special commissioners — though, as already pointed out, not in the manner prescribed for action by the General Court — are as purely legislative officers as are the President of the Senate and the Speaker of the House of Representatives. The power of appointment conferred by the present bill is conferred upon the senators and representatives solely by virtue of their offices, and the "functions of such officers are exclusively legislative." *Opinion of the Justices*, 302 Mass. 605, 623. But, as was said in that opinion, pages 620–621, quoting from *Murphy* v. *Webster*, 131 Mass. 482, 488, and citing numerous cases, "The power to appoint and the power to remove officers are in their nature executive powers." Without implying that the General Court may not by fixed law confer the

power of choosing the members of boards of special commissioners upon the people or upon the General Court acting under its constitutional power to "name and settle . . . civil officers" (page 621) — questions which are not presented by the bill under consideration — it is enough to say that in our opinion the power of appointing members of such boards is so far executive in nature that it cannot be conferred by fixed law upon such purely legislative officers as senators and representatives, acting · in any manner other than that prescribed by the Constitution for action by the General Court, without violating the provisions of art. 30 of the Declaration of Rights. But even if the power of appointing members of such boards were to be regarded as a legislative power, it could be exercised by the General Court or its members only in the manner prescribed by the Constitution for action by the General Court, and could not be delegated to such members acting in a different manner. See *Attorney General* v. *Brissenden*, 271 Mass. 172, 180; *Opinion of the Justices*, 302 Mass. 605, 621.

The first section of the bill — applicable to counties other than Suffolk, Dukes and Nantucket — contains the provision that "Members of the general court who are residents of a county may be chosen as members of such board for such county." This provision so far as it applies to a "person elected to the general court" that enacts the bill "during the term for which he was elected" — and we assume that the inquiry relates to such persons — is in violation of art. 65 of the Amendments providing that "No person elected to the general court shall during the term for which he was elected be appointed to any office created . . . during such term." ·For reasons already stated, the members of the boards of special commissioners would be civil officers. And the position on such a board to which a person is appointed would be an "office" within the meaning of said art. 65. *Opinion of the Justices*, 302 Mass. 605, 623. Moreover, in our opinion, such "office," if — apart from other constitutional objections — the bill should be enacted, would be "created" thereby, within the meaning of art. 65, and not by art. 71 of the Amendments, which

impliedly authorizes the creation of such an office "by law" but does not itself create such an office. The conclusion here reached renders it unnecessary to consider whether on any other ground members of the General Court enacting the bill would be precluded from membership on a board of special commissioners.

The first section of the bill contains the further provision that "Any vacancy occurring among the members chosen as aforesaid [that is, "by joint ballot of the senators and representatives in one room"] shall be filled by appointment by the governor." Since members of boards of special commissioners cannot constitutionally be "chosen as aforesaid," it seems unnecessary to consider whether vacancies occurring among members so chosen can be filled by appointment by the Governor.

The board of special commissioners for the county of Suffolk under § 2 of the bill is to consist of "seven residents of said county, to be chosen by joint ballot of the senators and representatives in one room." This section contains provisions relating to the choice of members of the General Court as members of said board and to the filling of vacancies on said board by appointment by the Governor which are substantially the same as those contained in the first section of the bill. The principles already stated and the conclusions reached with respect to the boards of special commissioners for other counties are applicable to this board of special commissioners. For reasons already stated, all the boards provided by the bill would be constituted in an unconstitutional manner. The fact that the board provided for the county of Suffolk is to be constituted in a different manner from those provided for other counties is not in our opinion an additional ground of invalidity. A form of government has been provided by the General Court for the county of Suffolk different from the forms of government provided for the other counties, and the right of the General Court to provide different forms of government for different counties has been recognized. *Goodale* v. *County Commissioners of Worcester*, 277 Mass. 144, 149. We think that, in view of the difference

in the form of government for the county of Suffolk from the form of government for the other counties, if not apart from such difference, the General Court might, without constitutional objection, provide for constituting the board of special commissioners for Suffolk County in a somewhat different manner from that provided for constituting the boards for other counties if the method of constituting such boards was in each instance free from other constitutional objections. The possibility of such a difference apparently was contemplated by art. 21 of the Amendments and special provisions have been made by law thereunder. See St. 1897, c. 287; St. 1913, c. 835, § 390; G. L. (Ter. Ed.) c. 54, § 161. See also *Attorney General* v. *Suffolk County Apportionment Commissioners*, 224 Mass. 598; *Donovan* v. *Suffolk County Apportionment Commissioners*, 225 Mass. 55; *Brophy* v. *Suffolk County Apportionment Commissioners*, 225 Mass. 124. The language of art. 71 of the Amendments shows no intention to effect any change in this respect.

We are further of the opinion that the bill, even if it were constitutional, could not be made the subject of a referendum petition under art. 48 of the Amendments to the Constitution but that it would be excluded from the referendum as a "law . . . the operation of which is restricted to a particular town, city or other political division or to particular districts or localities of the commonwealth." Art. 48, The Referendum, III, § 2. This conclusion, we think, follows from the reasoning in *Opinion of the Justices*, 254 Mass. 617, 619–620, though the point therein considered was somewhat different. See also *Christian* v. *Secretary of the Commonwealth*, 283 Mass. 98. Compare *Mount Washington* v. *Cook*, 288 Mass. 67, 74. The proposed law would not be general in its operation throughout the Commonwealth. Its operation would not extend to the counties of Dukes and Nantucket, and, according to its terms, it would operate differently in Suffolk County than in the remaining counties.

In view of the principles stated we answer the questions submitted as follows:

The answer to the first question, subdivision (a), is "No."

The answer to the first question, subdivision (b), is "No."

The answer to the first question, subdivision (c), is "No," but not for the reason that the boards composed as provided in § 1 are constituted in a different manner from the board composed as provided in § 2.

In view of the answers to the preceding question no answer to the second question appears to be required.

The answer to the third question is "No" so far as it relates to members of the General Court by which the bill would be enacted.

The answer to the fourth question is "No."

> FRED T. FIELD.
> CHARLES H. DONAHUE.
> HENRY T. LUMMUS.
> STANLEY E. QUA.
> ARTHUR W. DOLAN.
> JAMES J. RONAN.

To The Honorable the Senate of the Commonwealth of Massachusetts:

Article 71 of the Amendments to the Constitution contains the provisions by which the "county commissioners or other body acting as such or, in lieu thereof, such board of special commissioners in each county as may for that purpose be provided by law, shall" divide the counties into representative districts. If such boards of special commissioners are provided for by law, this must be done in the manner fixed by the Constitution for the enactment of statutes generally. The power of providing by law for such special commissioners under art. 71 of the Amendments is manifestly a legislative power. Under Part II, c. 1, § 1, art. 4, of the Constitution the General Court has power "to name and settle annually, or provide by fixed laws, for the naming and settling all civil officers within the said commonwealth; the election and constitution of whom are not hereafter in this form of government otherwise provided for." It seems clear that such special com-

missioners are civil officers, and it follows that they may be named by the General Court or the naming of them may be provided by fixed law. Obviously the General Court as such is not proposing under the pending bill to name all of the special commissioners. The power to "provide by fixed laws, for the naming and settling all civil officers within the said commonwealth" is very broad (see *Brown* v. *Russell*, 166 Mass. 14, 25), and it seems that the General Court could provide for the election of such commissioners by the voters, even to the extent of providing that the voters of each county could elect the special commissioners for that county. There appears to be no constitutional objection to the General Court, in the exercise of this power, providing for either the election of such special commissioners or their appointment.

It is true that under the provisions of Part II, c. 1, § 1, art. 1, "The department of legislation shall be formed by two branches, a Senate and House of Representatives: each of which shall have a negative on the other . . . and shall be styled, THE GENERAL COURT OF MASSACHUSETTS." And it is also true that the proposed bill could not be adopted in any joint convention or by any joint ballot of the senators and representatives. In other words, no doubt exists as to the authority of the General Court to fix by law, agreeably to the Constitution, the method by which special commissioners shall be chosen. The General Court acting as such may do one of two things: it may name the commissioners directly, or it may provide by legislation for their naming. If this power to provide by law for the naming of special commissioners can be exercised so as to provide for their election by the voters of any one county or by appointment by some appointive power, it would seem that provision also may be made for their choice "by joint ballot of the senators and representatives in one room," as is provided for by the bill, without contravening the provisions of art. 1. 1 Op. Atty. Gen. 233. This is not accomplishing by indirection what may not be done directly but is rather adopting an alternative method under the provisions of art. 71. There is here no usurpation of executive power.

The choice of special commissioners by joint ballot is not an "appointment" of them, and it is difficult to see the relevancy of the discussion of the possible appointment of members of boards of special commissioners or of the characterization of the proposed election of such members by a joint ballot as an "appointment" of such members. The *Opinion of the Justices*, 302 Mass. 605, among other things, dealt with the power of appointment and the conferring of such power upon the President of the Senate and the Speaker of the House of Representatives. That opinion does not appear to be relevant to an inquiry as to the power of the General Court to provide by law for the naming of civil officers by election. The power of electing by joint ballot, and not the power of appointing, is sought to be conferred by the present bill upon the senators and representatives in the same manner as the power of choice of such commissioners might lawfully be conferred upon the electorate of any county. Could it be said that, if the latter power was conferred, the senators and representatives living in that county would be barred from participating in the choice of the commissioners? Evidently not. It probably would be said that the power was conferred upon them in that instance as members of the electorate in their capacity as voters.

It does not seem that the provision of art. 30 of the Declaration of Rights, to the effect that "the legislative department shall never exercise the executive . . . powers," is contravened by the proposed legislation. The only provision for such boards of special commissioners is found in art. 71 of the Amendments to the Constitution. No other governmental agency except the General Court has any power whatever to name or provide by law for the naming of such boards of special commissioners. In no sense can this power be construed as in the nature of executive power. The adoption of the proposed bill concerns the executive power, if at all, only in so far as the Governor has the power of veto. If it is assumed that the General Court could provide by law for the "appointment" of boards of special commissioners, if such was the purport of this bill,

a discussion of the power of appointment and the delegation of that power would be relevant and pertinent, but the proposed bill does not look in the direction of any appointment of such commissioners.

Once having concluded that members of boards of special commissioners would be civil officers and that the position on such a board to which a person is appointed would be an "office" within the meaning of art. 65 of the Amendments to the Constitution, it does not follow necessarily that such a conclusion renders it unnecessary to consider whether on any other ground members of the General Court enacting the bill would be precluded from membership on a board of special commissioners. Article 65 of the Amendments provides that "No person elected to the general court shall during the term for which he was elected be appointed to any office created . . . during such term." This is far from providing that such a person cannot be elected to such an office. If the General Court should in its judgment and within its power confer upon the voters of any one county the duty and power of electing special commissioners, could it be said that senators or representatives who were members of the General Court so providing would not be eligible to election to such offices? Or, if the General Court should provide for the election of a board of county commissioners for the county of Suffolk where no such board now exists, could it be said that members of the General Court so providing would be ineligible to election as such county commissioners? It does not seem that this can be so. In this connection art. 65 of the Amendments relates only to the question of the appointment, and not to the election, of members of the General Court. To what extent, if any, the provisions of Part II, c. 6, art. 2, of the Constitution and art. 8 of the Amendments would apply to such a case is not before us.

It would seem that there is no objection to a provision that any vacancies occurring among members of boards chosen under the proposed act shall be filled by appointment by the Governor.

The opinion of the majority of the Justices is adopted

to the effect that the proposed legislation is not the subject of a referendum petition under art. 48 of the Amendments to the Constitution.

In the opinion of the undersigned the answers to the questions submitted are as follows:

The several answers to subdivisions (a), (b) and (c) of question 1 are "Yes."

The answer to question 2 is "Yes."

The answer to question 3 is "Yes."

The answer to question 4 is "No."

Louis S. Cox.