*Municipal Court of the City of Boston*

No. 456725

**DAVID H. CRAWFORD**

v.

**ROBERT L. KENT, INC. d-b-a FRED ASTAIRE DANCE STUDIOS**

No. 456974

**DAVID H. CRAWFORD**

v.

**ROBERT L. KENT**

(February 20 — October 30, 1959)

*Present:* Gillen, J. (Presiding), Riley and Fox, JJ.

Case tried before *Barron, J.*

*Gillen, J.* These are actions of tort in which the plaintiff seeks to recover a forfeiture or penalty for an alleged discrimination against the plaintiff on account of his color. In one instance the defendant is a corporation which operated a dancing school and in the other the manager of the school. The trial judge found for the plaintiff.

The plaintiff appeared at the dance studio to take dancing lessons and was refused lessons by the manager because of his color, the manager claiming he had no colored instructors and that he could not force his instructors to dance with anyone.

Robert L. Kent, Inc., was chartered by the Commonwealth of Massachusetts under G. L. c. 156 as a business corporation. The corporation is doing business as Fred Astaire Dance Studios of Boston. It is a profit organization and is licensed by the City of Boston as a dancing school. G. L. c. 272, §98 provides that whoever makes a distinction, discrimination or restriction on account of religion, color or race with certain exceptions, relative to the admission of any person to, or in his treatment in, "any place of public accommodation, resort or amusement, as defined in section ninety-two A of chapter two hundred and seventy-two", or a person aiding or inciting such distinction, discrimination or restriction, shall be subject to a penalty and forfeiture as therein set forth.

The second paragraph of G. L. c. 272, §92A defines, "A place of public accommodation, resort or amusement," with much detail and closes with a provision that "no place shall be deemed to be a place of public accommodation, resort or amusement which is owned and operated by", among others "any organization operated for charitable or *educational* purposes." (*Emphasis added*).

In effect, the trial judge ruled that the dancing school in question was not an organization operated for educational purposes. The defendants claim to be aggrieved by this ruling.

In his brief the plaintiff sets forth that the issue in the case is the correctness of this ruling. We think the defendant corporation was an organization operated for educational puiposes.

The articles of organization set forth that the corporation is formed to conduct a school for dancing for the purpose of imparting instructions in the various forms and arts of dancing and to conduct a school of dancing for the purpose of educating and training enrollees for the purpose of acquiring the necessary proficiency to act as instructors in the art of dancing.

In many cases people might desire to become dancing instructors as a profession and if so this organization was chartered for that purpose as set forth in its articles or organization. Should it be held to be any the less an educational institution than a school of drama, art, radio, public speaking or home making?

In *Assessors of Boston. v. Garland School of Home Making,* 296 Mass. 378, at 386, it was held that " 'training young women in the principles of home making' is clearly educational."

In *Mount Herman Boys School v. Gill,* 145 Mass. 139, at page 146, the court said, "Education is a broad and comprehensive term. It has been defined as 'the process of developing and training the powers and capabilities of human beings.' To educate, according to one of Webster's definitions, is 'to prepare and fit for any calling or business or for activity and usefulness in life.' Education may be particularly directed to either the mental, moral, or physical powers and faculties, but in its broadest and best sense it relates to them all."

In *German Gymnastic Assoc. v. Louisville,* 117 Ky. 958, the court said, "Education is not confined to the improvement and cultivation of the mind. It may consist of the cultivation of one's religious or moral sentiments. It likewise may consist of the development of one's physical faculties. See: *Commissioners of District of Columbia v. Shannon & Luchs Const. Co., Inc.,* 17 F2d 219; Re Wolf's Estate, 290 NYS 99.

The plaintiff argues further that the phrase in G. L. c. 272, §92A, viz: "Any organization operated for charitable *or* educational purposes" should be construed as "charitable educational purposes" and as the defendant corporation was a profit organization it does not come within the exception above cited. But a short answer to this contention is that

if the legislature intended to have organizations operated for charitable educational purposes solely in this exception it would have said so and it would never have inserted the "or" between "charitable" and "educational".

In *Marble v. Treas. and Rec. Gen.*, 245 Mass. 504, at 508, the court said, "The word 'or' is frequently used in the sense of 'and' when this is necessary to give effect to the purpose of the parties. . . . It was said also in *Gaynor's Case,* 217 Mass. 86, at pages 89 and 90, after recognizing the distinction: It is not synonymous with 'and' and is to be treated as interchangeable with it only when the obvious sense requires it, or when otherwise the meaning is dubious. But the word 'or' in its ordinary use and also in accurate meaning is a disjunctive particle. It marks an alternative and not a conjunctive. It indicates one or the other of two or several persons, things or situations and not a combination of them. . . . It is construed as having a different meaning only when the context and the main purpose to be accomplished by all the words used seems to demand it."

No case has been called to our attention setting forth that a profit organization cannot be an organization operated for educational purposes.

The order is

*Finding for plaintiff vacated.*

*Finding to be entered for defendants.*

*Fox, J.* (Dissenting) : I regret that I am unable to agree with the opinion of the majority as to the proper construction of statute G. L. c. 272, §98, which is in issue in this report.

That section authorizes the recovery of a forfeiture or penalty for discriminating against a person in a place of public accommodation, resort or amusement. The evidence discloses that the defendant corporation, which is a business corporation, operated for profit a school for the teaching of ballroom dancing in the City of Boston, and the individual defendant was the manager thereof. The plaintiff was the winner of a contest conducted by the corporation through the medium of advertisements in the public press, and as such became entitled to certain free lessons at the defendant corporation's school. Upon presenting himself at the defendant school to the defendant manager he was refused the lessons which had been promised because of the fact that he was colored.

G. L. c. 272, §98, refers to G. L. c. 272, §92A, for the definition of a "place of public accommodation, resort or amusement." The latter section provides that the quoted phrase, "shall be defined and shall be deemed to include any place whether licensed or unlicensed which is open to and accepts or solicits the patronage of the general public, and without limiting the generality of this definition, whether or not it be . . .", and then are listed in clauses numbered (1) to (10), various kinds of public places including "(7) an auditorium, theatre, music hall,

meeting place or hall, including the common halls of buildings; (8) a place of public amusement, recreation, sport, exercise or entertainment . . .". Then follows a proviso which reads "provided, however, that no place shall be deemed to be a place of public accommodation, resort or amusement which is owned and operated by a club or institution whose products or facilities or services are available only to its members and their guests, nor by any religious, racial or denominational institution or organization, nor by any organization operated for charitable or educational purposes."

The trial judge denied a request by the defendant for a ruling that the dancing school was not a place of public accommodation, resort or amusement because it was owned and operated by an organization operated for educational purposes, within the meaning of the provision of G. L. c. 272, §98A, quoted above, and entered a finding in favor of the plaintiff.

The narrow question presented in this report is whether a school for the teaching of ballroom dancing operated for profit by a business corporation must be held to be "owned and operated by" an "organization operated for charitable or educational purposes" within the meaning of the quoted words as used in the proviso of G. L. c. 272, §98A, quoted in full above.

It is established as a rule for the construction of statutes that the words, phrases and sentences of a statute are to be understood as used with due regard to the context

and in that sense which best harmonizes with all other parts of the statute. *Comm. of Corps. and Taxation v. Barker,* 303 Mass. 606. It is also an established rule for the construction of statutes that the meaning of a word may be ascertained by reference to the effect and meaning of words associated with it in the statute. *Meuhier's Case,* 319 Mass. 421.

Further, it is established that a proviso in a statute should be given a strict though reasonable construction so as to take out of the enacting clause only those cases which are fairly within the terms of the proviso. *Opinion of Justices,* 254 Mass. 617. And, finally, the fundamental and cardinal rule of construction of statutes is to ascertain and give effect to the intention of the legislature as expressed in the statute, and that it is the duty of the court to carry out the intention and policy of the legislature. *Lehan v. North Main Street Garage,* 312 Mass. 638.

Reading the statute here involved in the light of the rules stated and the provision in G. L. c. 4, §7, clause Third, that in construing statutes, words and phrases shall be construed according to the common and approved use of the language, the language of the proviso contained in G. L. c. 272, §92A, cannot be construed as excepting a dancing school such as that operated by the defendant from the operation of the general provisions defining a place of public accommodation, resort or amusement, contained in that section.

Not only is the word "education" in the common and approved use of the language

used as importing "a training for a calling or business or for activity and usefulness in life" *Mount Herman Boys School v. Gill,* 145 Mass. 139, but the use of the word "charitable" and the other words and phrases used in the proviso contained in G. L. c. 272, §92A, in association with the words "educational purposes" indicate a legislative intent to narrow the operation of the excepting proviso strictly to organizations operated for the purpose of furnishing instruction in fields which in the common use of the language are educational, if not, in fact, for the purpose of furnishing the type of instruction given by educational institutions operated for charitable purposes. The application of the ordinary construction of the words "educational purposes" is also supported by the rule of construction referred to above that a proviso should be given a strict though liberal construction so as to take out of the enacting clause only those cases which are clearly within the terms of the proviso. Certainly the ordinary dance hall is a place of public accommodation, resort or amusement within the meaning of §92A and there is no reason why its use for training in ballroom dancing should cause it to be treated differently, particularly since in common approved usage such training would not be considered "educational". Finally, the provision in G. L. c. 272, §98A that a place of public accommodation, resort or amusement within the meaning of the section shall be defined as and shall be deemed to include any place, whether licensed or unlicensed, "which is open to and

accepts or solicits the patronage of the general public," expresses a general legislative intent to prevent discrimination on account of religious sect, creed, class, race, color, denomination or nationality, in places for which the patronage of the general public is solicited, which should not be restricted by a broad construction of the language of the proviso, excepting certain institutions.

While it is conceivable that it would be possible under a statute which called for a broad construction of the words "educational purposes" to hold that a school for furnishing training such as is here in issue would be one operated for an "educational purpose", the statutory provisions here in issue, are as stated, to be construed strictly and so construed the defendant's school is not within the exception to the general and comprehensive enacting clause of the statute.

In my opinion the rulings requested by the defendant which were denied were correctly refused and the trial judge's ruling that the school owned and operated by the defendant was not owned and operated by an organization operated for educational purposes within the meaning of the statute, was correct.

*G. Bruce Robinson*, of Boston for the Plaintiff.

*Lester B. Snyder*, of Boston for the Defendant.